(August 25, 1989)

■ LATHAM SPARROWBUSH ASSOCIATES, Respondent, v SHAKER ESTATES, INC., et al., Defendants, and LEON C. BAKER et al., Appellants.—Weiss, J. Appeals (1) from an order of the Supreme Court (Doran, J.), entered June 24, 1988 in Albany County, which, *inter alia,* denied the motion of defendants Leon C. Baker and Gloria Baker for partial summary judgment and granted plaintiff's cross motion for summary judgment against said defendants, (2) from the judgment entered thereon, and (3) from an order of said court, entered February 2, 1989 in Albany County, which denied said defendants' motion to correct the judgment.

The extensive litigation history in this matter is set forth in a previous decision of this court *(see, Baker v Latham Sparrowbush Assocs.,* 137 AD2d 934, *lv denied* 72 NY2d 809). In June 1987, plaintiff commenced the instant action against, among others, defendants Leon C. Baker and Gloria Baker, individually, to recover for waste, unpaid rent and for use and occupancy of plaintiff's apartment complex known as Sparrowbush Apartments, located in the Town of Colonie, Albany County. This is the same relief sought in the bankruptcy proceeding then pending against Cohoes Industrial Terminal, Inc. (hereinafter Cohoes) *(see, supra,* at 935). Notably, in October 1987, after an eight-day trial, Bankruptcy Court awarded plaintiff the sum of $838,724 on its claim against the debtor corporation. In response, the Bakers moved for partial summary judgment in the instant action to dismiss the fifth, sixth and seventh causes of action on the premise that plaintiff was precluded from seeking recovery against them since Cohoes was found to be the actual tenant and leaseholder of

the apartment complex. Supreme Court denied the motion and instead granted plaintiff's cross motion for summary judgment on its various causes of action against the Bakers, based on the undisputed findings of the Bankruptcy Court. Piercing the corporate veil, Supreme Court further concluded that Leon Baker was personally responsible for the liabilities of Cohoes. Supreme Court entered judgment in the same amount as awarded by Bankruptcy Court, together with interest, for a total of $1,018,094.* Supreme Court then denied the Bakers' motion to delete the interest from the judgment. The Bakers have appealed both determinations.

The Bakers initially contend that the Bankruptcy Court award is res judicata as against plaintiff and thus bars the recovery of any interest herein. Plaintiff counters that interest was not at issue in the bankruptcy proceeding and thus may properly be awarded in the present action. In general, the doctrine of res judicata serves to bar relitigation of a claim and extends to matters actually litigated, as well as matters which might have been litigated (see, Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307; Siegel, NY Prac §§ 442, 447). Here, there is no question that the present action arises out of the same transactions underlying the bankruptcy dispute. Since Bankruptcy Court did not award interest on plaintiff's claim, the question distills to whether plaintiff was entitled to seek prejudgment interest in the bankruptcy proceeding. An affirmative response would necessarily preclude plaintiff's attempt to recover interest in the present case. Resolution of this question requires that a distinction be drawn between matured and unmatured interest.

Pursuant to 11 USC § 502 (b) (2), the amount of a claim is measured as of the date the petition in bankruptcy is filed; postpetition interest not yet due and payable is characterized as "unmatured" and disallowed. In other words, once the petition is filed, interest stops accruing. This rule is one of distribution, not substantive law (see, Bruning v United States, 376 US 358, 362-363, n 4) and is designed to ensure an equitable payoff to the unsecured creditors. We recognize that postpetition interest may be recovered in liquidation where a surplus exists (see, 11 USC § 726 [a] [5]). That was not, however, the nature of the initial bankruptcy proceeding. As characterized by Bankruptcy Court, it was a core proceeding

---

* The award has since been reduced by the $838,724 principal payment that plaintiff received from the trustee in bankruptcy. The dispute here thus centers around the interest award.

addressed to the validity of plaintiff's claim against the estate *(see,* 28 USC § 157 [b] [2] [B]) precipitated by the debtor corporation's objection *(see,* Bankruptcy Rule 3007). The question of an estate surplus upon liquidation was simply not presented *(cf.,* 11 USC § 726 [a] [5]). Given this context, we conclude that plaintiff is not barred by principles of res judicata from pursuing a claim for postpetition interest in the present action. On the other hand, plaintiff was not entitled to interest that accrued prior to the filing of the bankruptcy petition on April 28, 1986. This claim for matured interest may properly be foreclosed under res judicata analysis. A review of the judgment shows that Supreme Court awarded repair damages of $735,715 with interest from March 27, 1986, and $101,144 for contingent rent with interest from February 25, 1985. The total interest awarded exceeded $179,000. Upon recalculation of the postpetition interest award, from April 28, 1986 through the date of judgment on June 24, 1988, we find that plaintiff was entitled to an interest award of $162,397.45.

The question remains whether summary judgment was properly granted in plaintiff's favor against the Bakers. Plaintiff's complaint is premised, in part, on the assertion that Gloria Baker acted as an undisclosed principal and thus stands personally liable under the lease *(see,* Restatement [Second] of Judgments § 49, comment c [1982]; 3 NY Jur 2d, Agency, § 305). While a subsequent action against a co-obligor is not prohibited under merger principles, the first judgment is not res judicata as against the individual assets of the co-obligor *(see,* CPLR 1501, 1502, 3002 [b]; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1502:1, at 398-399). The Bakers, however, have admitted the facts as determined by Bankruptcy Court. In rejecting Cohoes' defense that it merely acted as Gloria Baker's nominee, Bankruptcy Court essentially characterized Gloria Baker as an undisclosed principal. This factual assessment, coupled with the Bakers' repeated admissions throughout the history of this dispute that Cohoes served as their nominee, provides adequate basis to confirm Gloria Baker's personal liability as a matter of law. This conclusion is not inconsistent with that of Bankruptcy Court since the failure to timely disclose Gloria Baker's status relative to Cohoes rendered both potentially liable under the lease *(see,* 3 NY Jur 2d, Agency, § 306, at 122-123). As such, Supreme Court properly awarded summary judgment as against her, together with interest at the statutory rate *(see,* CPLR 5001).

We reach a similar conclusion with respect to Leon Baker. He was the sole shareholder of Cohoes. This corporation existed for more than 20 years without a corporate meeting. Most importantly, the record documents that the Bakers reported the profit or loss of the Sparrowbush Apartments operation as a "sole proprietorship" on their individual income tax returns over the course of several years. As such, despite the existence of the corporate entity, Supreme Court properly found Leon Baker personally liable for the corporation's obligations (see, 13 NY Jur 2d, Business Relationships, §§ 26, 27).

Order entered June 24, 1988 affirmed, without costs.

Judgment modified, on the law, without costs, by recalculating the award of interest in accordance with this court's decision, and, as so modified, affirmed.

Order entered February 2, 1989 affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.