■ NATIONWIDE MECHANICAL CONTRACTORS CORPORATION, Appellant, v HOKKAIDO TAKUSHOKU BANK, LTD., et al., Respondents.—Mercure, J. Appeal from an order of the Supreme Court (Bradley, J.), entered March 24, 1992 in Sullivan County, which granted defendants' motion to dismiss the complaint on the ground of, inter alia, res judicata.

On May 23, 1988, Grossinger's Associates (hereinafter Grossinger), as borrower, entered into a building loan agreement with defendants Lloyds Bank, PLC and Hokkaido Takushoku Bank, Ltd. (hereinafter collectively referred to as the Lenders), through the Lenders' agent, defendant Lloyds International Corporation, in connection with the $31 million financing of a construction project at Grossinger's Resort in Sullivan County. Article 5 of the building loan agreement authorized the Lenders to require, as a condition of loan advances, that Grossinger maintain a payment bond in an amount equal to the balance payable under the project construction management agree-

ment. By separate instrument, Grossinger assigned to the Lenders all of its rights under the construction management agreement and all major project subcontracts as collateral security for Grossinger's performance under the building loan agreement. Grossinger subsequently filed a petition in bankruptcy, and the Lenders asserted secured claims exceeding $26 million.

Plaintiff, one of the major project subcontractors, commenced this action to recover nearly $775,000 which it claims is due on its contract with Grossinger, upon the grounds that (1) defendants falsely and fraudulently represented in the building loan agreement that Grossinger had filed a payment bond, and (2) defendants impliedly assumed Grossinger's obligation to pay plaintiff for its work by providing for the assignment of major subcontracts to the Lenders. Defendants moved to dismiss the complaint upon the grounds, *inter alia,* of collateral estoppel, res judicata and failure to state a cause of action. Supreme Court granted the motion and plaintiff appeals.

Initially, we disagree with Supreme Court's determination that res judicata and collateral estoppel bar plaintiff's fraud cause of action. Plaintiff and other mechanic's lienors commenced an adversary proceeding in United States Bankruptcy Court seeking judgment that their interest in Grossinger's real property was superior to that of the Lenders upon the ground, *inter alia,* that the Lenders' failure to require Grossinger to file the payment bond provided for in the building loan agreement amounted to an unfiled modification of the agreement within the purview of Lien Law § 22. Bankruptcy Court dismissed the complaint for failure to state a claim and, upon appeal, District Court affirmed Bankruptcy Court's order. A subsequent appeal to the Court of Appeals was voluntarily withdrawn. In the present action, plaintiff alleges that the very same provisions of the building loan agreement "represented the existence of the [bonds] for the serious purpose of inducing prospective contractors to enter into construction contracts for work at the Project * * * [and that] Plaintiff relied upon the [bonds] as its assurance of payment for work to be done under its [subcontract with Grossinger]".

Although the two actions arise out of the same transaction and are strikingly similar, the fact is that the present claim could not have been raised in the first action because a bankruptcy court lacks jurisdiction over controversies between third parties which do not involve the debtor or its property *(see,* 28 USC § 1334; *Gordon v Duke Assocs.,* 611 F2d 15, 18; *see*

*also, Teachers Ins. & Annuity Assn. v Butler,* 803 F2d 61, 66; *Matter of Emergency Beacon Corp.,* 665 F2d 36, 38, n 1). Absent an opportunity to raise the present claim in the prior proceeding, res judicata will not apply *(see, Latham Sparrow- bush Assocs. v Shaker Estates,* 153 AD2d 788, 789-790; *Mirkin & Gordon v Suffolk County—Local 852 Civ. Serv. Empls. Assn. Legal Servs. Fund,* 112 AD2d 272, 275-276). Further, although Bankruptcy Court's legal determination that the building loan agreement did not unconditionally require Grossinger to pro- vide a surety payment bond for the protection of subcontrac- tors would appear to be determinative of essential elements of plaintiff's fraud cause of action, collateral estoppel does not apply to an unmixed question of law *(see, Matter of McGrath v Gold,* 36 NY2d 406, 411; *Matter of Hop Wah v Coughlin,* 160 AD2d 1054, 1055, *lv denied* 76 NY2d 708).

However, our rejection of defendants' defenses of res judi- cata and collateral estoppel does not end the inquiry. Because we conclude that both of the claims asserted by plaintiff are defeated by the clear and unambiguous language of the loan documents, we affirm Supreme Court's order. Turning first to the fraud cause of action, we perceive no representation, explicit or implied, in the building loan agreement that Gros- singer would be required to procure or maintain a labor and materials payment bond for the benefit of subcontractors. At most, the instrument permitted the Lenders, in their sole discretion, to require the posting of a bond for their own protection.

The second cause of action is similarly deficient because, in the absence of any expression of intent to the contrary, Grossinger's assignment of its contract rights to the Lenders as collateral security for Grossinger's performance under the building loan agreement could not impose Grossinger's liabili- ties or obligation upon the Lenders *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 402; *Smith v Morin Bros.,* 233 App Div 562, 564). Notably, article eight of the building loan agreement provides that "[a]ll conditions on the obligations of the Lenders to make [advances] are imposed solely and exclusively for the benefit of the Lenders and no other Person shall have standing to require satisfaction of such conditions * * * or be entitled to assume that the Lend- ers will refuse to make [advances] in the absence of strict compliance with any or all such conditions * * * [or] be deemed to be a beneficiary of such conditions" and, further, that "[a]ll * * * subcontractors dealing with [Grossinger] shall, as a condition precedent, agree in writing that (a) they

shall look to [Grossinger] as their sole source of recovery if not paid, and (b) except as otherwise agreed in writing between the Lenders and any * * * subcontractor, they may not claim against the Lenders under any circumstances".

Mikoll, J. P., Yesawich Jr., Levine and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.