■ WILLIAM J. MCNEARY, III, et al., Respondents, v WAYNE T. SENECAL et al., Defendants, and RESOLUTION TRUST CORPORATION, as Conservator of COLUMBIA BANKING FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant. [603 NYS2d 60] —Crew III, J. Appeal from that part of an amended order of the Supreme Court (Brown, J.), entered August 13, 1992 in Saratoga County, which, *inter alia,* partially granted plaintiffs' motion for summary judgment dismissing a counterclaim.

At issue here is whether a determination of Bankruptcy Court that plaintiffs' mortgage enjoys priority over two mortgages held by Columbia Banking Federal Savings and Loan Association constitutes res judicata or collateral estoppel in the action at bar. Plaintiffs sold a parcel of land to defendant Wayne T. Senecal in December 1986 for which Senecal executed a note secured by a purchase money mortgage. Pursuant to an agreement between plaintiffs and Senecal, plaintiffs agreed that "[i]n the event [Senecal] obtains infrastructure financing for the purpose of financing improvements to the premises * * * then [plaintiffs] shall provide for a subordination agreement whereby [plaintiffs'] mortgage * * * shall become * * * subordinate to the mortgage of [Senecal's] lender".

In June 1988, Senecal borrowed moneys from Adirondack Trust Company and, at Senecal's request, plaintiffs agreed to subordinate their mortgage to that of Adirondack, incorrectly believing that the loan was for infrastructure financing. In August 1988, plaintiffs were again requested to subordinate their mortgage to that of Columbia, which had loaned Senecal

moneys for infrastructure financing. At that point in time, plaintiffs discovered that the loan from Adirondack was not for infrastructure financing but for the construction of homes. Consequently, plaintiffs did not subordinate their mortgage to Columbia's. In October 1989, Senecal's successor in interest filed for bankruptcy protection and, as part of that proceeding, plaintiffs requested Bankruptcy Court to determine the priority of plaintiffs' mortgage as against Columbia's. Bankruptcy Court found that plaintiffs' mortgage was prior in time and had not been subordinated to Columbia's and thereby enjoyed priority.

In August 1991, plaintiffs commenced the instant foreclosure action in Supreme Court. Columbia answered and counterclaimed for specific performance of plaintiffs' agreement to subordinate. Plaintiff moved for summary judgment dismissing the counterclaim on the grounds of collateral estoppel and/or res judicata, which motion was granted. Defendant Resolution Trust Corporation, having been appointed conservator of Columbia, appeals from so much of Supreme Court's amended order as granted plaintiffs' motion for summary judgment dismissing Columbia's counterclaim.

We affirm. Res judicata bars litigation of a cause of action arising out of the same transaction or series of transactions as a cause of action that was either raised or could have been raised in a prior proceeding, provided that the party to be barred had a full and fair opportunity to raise and litigate the claim and the disposition was on the merits *(see, Matter of Hodes v Axelrod,* 70 NY2d 364, 372-373; *Smith v Russell Sage Coll.,* 54 NY2d 185, 192-193; *Culver v County of Rensselaer,* 139 AD2d 853, 854-855, *lv denied* 72 NY2d 807). Similarly, collateral estoppel bars relitigation of issues that have necessarily been determined in a prior proceeding, again requiring that the party to be estopped had a full and fair opportunity to litigate the issue in the prior proceeding *(see, Matter of Hee K. Choi v State of New York,* 74 NY2d 933, 936; *Kaufman v Lilly & Co.,* 65 NY2d 449, 455-456). Principles of res judicata and collateral estoppel apply to decisions of Bankruptcy Court *(cf., Nationwide Mech. Contrs. Corp. v Hokkaido Takushoku Bank,* 188 AD2d 871, *lv denied* 81 NY2d 711; *see, Latham Sparrowbush Assocs. v Shaker Estates,* 153 AD2d 788).

Contrary to Columbia's contention, at the bankruptcy hearing Columbia urged that its liens were entitled to priority by reason of the subordination agreement and/or the doctrine of equitable estoppel. Bankruptcy Court found plaintiffs' lien was to be accorded priority. While Bankruptcy Court's decision did

not discuss the issue of specific enforcement of the subordination agreement, the issue necessarily must have been decided and is decisive in the instant action *(see, Kaufman v Lilly & Co., supra,* at 455). Inasmuch as Columbia had a full and fair opportunity to litigate the issue, it is collaterally estopped from doing so in the instant action.

Moreover, the principles of res judicata are equally applicable to this case. Initially, we note that Bankruptcy Court had the power to resolve the claim for specific performance of the subordination agreement *(see,* 11 USC § 510 [a]). Columbia was therefore obliged to raise or waive its claim for specific performance of the subordination agreement. Assuming, as Columbia claims, that the issue was not raised in Bankruptcy Court, then it may not be raised in this litigation because the instant claim arose out of the same transaction or series of transactions at issue in Bankruptcy Court *(see, Matter of Hodes v Axelrod, supra,* at 372-373).

Yesawich Jr., J. P., Mercure, White and Casey, JJ., concur. Ordered that the amended order is affirmed, with costs.