**In re Paolo GUCCI, et al., Debtors.**

**Bankruptcy Nos. 94 B 40614, 41627 and 41476 (JHG), 94 B 42956, 42957, 43012, 43013, 43014 and 43915.**

United States Bankruptcy Court,
S.D. New York.

March 26, 1996.

418

Donovan Leisure Newton & Irvine by A. Peter Lubitz, New York City, for plaintiff.

Harrington & Octo by Kevin J. Harrington, White Plains, New York, for Jennifer Puddefoot Gucci.

### DECISION ON THE MOTION TO IMPOSE A CHARGING LIEN

JEFFRY H. GALLET, Bankruptcy Judge.

Donovan Leisure Newton & Irvine, a law firm, moves for an order fixing and imposing a charging lien on any proceeds or property due Jennifer Puddefoot Gucci under a proposed stipulation of settlement dated October 27, 1995 and for other relief which may be proper pursuant to 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedure 2002(a)(3) and 9019(a).

Donovan Leisure argues that it acted as bankruptcy counsel to Mrs. Gucci in the Canalco Place, N.V. chapter 7 bankruptcy and in these consolidated chapter 11 cases. It claims it obtained a settlement award in Mrs. Gucci's favor in each case. Donovan Leisure avers that it is still counsel to Mrs. Gucci, and it is seeking to impose a charging lien in the amount of $31,026.05.

In opposition, Mrs. Gucci claims that she never formally retained Donovan Leisure as bankruptcy counsel and never agreed to pay at the billing rates Donovan Leisure uses here. In addition, she asserts that the legal fees claimed by Donovan Leisure did not result in a quantifiable benefit to her. Mrs. Gucci alleges that the only reason Donovan Leisure got involved in the bankruptcy proceedings was because it was requested to do so by Mrs. Gucci's former matrimonial law firm, which she discharged in early 1995. In addition, Mrs. Gucci asserts that Donovan Leisure's claim should be brought in state court by plenary action, and that this motion should be denied.

Before reaching the merits of Donovan Leisure's motion, I must first decide whether I have jurisdiction to hear this issue.

The jurisdiction of the bankruptcy court, although broad, is limited to matters "arising in," "arising under" or "related to" a case filed under the Bankruptcy Code, U.S.C. Title 11. *Celotex Corporation v. Edwards,* —— U.S. ——, ——, 115 S.Ct. 1493, 1498, 131 L.Ed.2d 403 (1995).

· "Arising in" and "arising under" proceedings "encompass the matters that are at the core of the jurisdiction of the bankruptcy courts, and 'depend upon the application or construction of bankruptcy law as expressed in title 11.'" *In re Leco Enterprises, Inc.,* 144 B.R. 244, 248 (S.D.N.Y.1992) *quoting In re Consulting Actuarial Partners, Ltd. Partnership,* 72 B.R. 821, 828 (Bankr.S.D.N.Y. 1987). The bankruptcy court's jurisdiction is also defined in the general reference provision of 28 U.S.C. § 157(a). *In re Texaco Inc.,* 85 B.R. 934, 937 (Bankr.S.D.N.Y.1988). Section 157(b)(1) vests full judicial power in bankruptcy courts over core proceedings "arising under" title 11, or "arising in" a case under title 11. *Id.* Illustrations of core proceedings under § 157(b)(1) are found in 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate);

§ 157(b)(2)(B) (allowance or disallowance of claims against the estate); and § 157(b)(2)(O) (other proceedings affecting the liquidation of assets of the estate).

Other courts in this district have addressed the meaning of "arising in" and "arising under," holding that a proceeding is a "core proceeding," which falls under the bankruptcy court's jurisdiction, "if it invokes a substantial right provided by title 11 or it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re Leco Enterprises,* 144 B.R. at 248–49 *citing In re Wood,* 825 F.2d 90, 96–97 (5th Cir.1987). A core proceeding is "an action [that has] ... as its foundation the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environment." *In re Leco Enterprises,* 144 B.R. at 249 *citing Acolyte Electric Corp. v. City of New York,* 69 B.R. 155, 173 (Bankr. E.D.N.Y.1986) *aff'd* 1987 WL 47763 (E.D.N.Y.1987).

Even if a case does not "arise in" or "arise under" Title 11, a bankruptcy court may still have jurisdiction over the matter if the proceeding is "related to" a Title 11 case. The Supreme Court has held that [p]roceedings "related to" [a] bankruptcy include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate. *Celotex,* —— U.S. at ——, 115 S.Ct. at 1499. (citations omitted).

■ The Second Circuit has held that "[t]he test for determining whether litigation has a significant connection with a pending bankruptcy proceeding is whether its outcome might have any 'conceivable effect' on the bankruptcy estate. If the question is answered affirmatively, the litigation falls within 'related to' jurisdiction of the bankruptcy court." *In re Cuyahoga Equipment Corp.,* 980 F.2d 110 (2d Cir.1992). However, "related to" jurisdiction is not without limits. There is no jurisdiction over an action that does not pose a "significant connection" to the bankruptcy case. *Nemsa Establishment, S.A. v. Viral Testing Systems Corp.,* 1995 WL 489711 *3 (S.D.N.Y.1995) *quoting In re*

*Turner,* 724 F.2d 338, 341 (2d Cir.1983). Likewise, the Third Circuit enunciated:

> the test for determining whether a civil proceeding is related to a bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.... Thus, the proceeding need not necessarily be against the ˙ debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate. *In re Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984).

The Supreme Court has endorsed both Circuits' tests and further explained that whichever "test is used ... bankruptcy courts have no jurisdiction over proceedings that have no effect on the debtor." *Celotex,* —— U.S. at —— n. 6, 115 S.Ct. at 1499 n. 6.

The test for determining whether a civil proceeding is related to a bankruptcy case is whether:

> an action between nondebtors would affect the amount of property available for distribution to the creditors of a bankruptcy estate or the allocation of property among such creditors, or if the outcome could alter the debtor's rights or liabilities.... *In re Leco Enterprises,* 144 B.R. at 250 *citing In re Kolinsky,* 100 B.R. 695, 702 (Bankr.S.D.N.Y.1989).

*See also* 1 King, COLLIER ON BANKRUPTCY, ¶ 3.01[1][c][iv] (15th ed. 1992) ("related proceedings are those which ... concern suits between third parties which in one way or another affect the administration of the Title 11 case").

■ Thus, if the outcome of a collateral matter might affect the debtor's rights, or may positively or negatively impact "the handling and administration of the bankrupt estate," the proceeding is "related to" the bankruptcy case. *In re Kolinsky,* 100 B.R. at 695 *quoting Pacor,* 743 F.2d at 994. *See In re Shirley Duke Associates,* 611 F.2d 15, 19 (2d Cir.1979) (a creditor is subject to a bankruptcy court's jurisdiction in his dealings

with the debtor, but not in his dealings with third parties); *Nationwide Mechanical Contractors Corporation v. Hokkaido Takushoku Bank Ltd.,* 188 A.D.2d 871, 872, 591 N.Y.S.2d 578, 580 (3d Dept.1992) (a bankruptcy court lacks jurisdiction over controversies between third parties not involving the debtor or its property).

Another court in this district has held that the bankruptcy court lacks jurisdiction over a private adversarial proceeding between a third party plaintiff and nondebtor defendants, if the plaintiff's suit would not produce any benefits for the other creditors of the bankruptcy estate or if the action would not affect the other creditors' distribution prospects. *In re Texaco Inc.,* 85 B.R. at 938 citing *In re R.H.N. Realty Corp.,* 84 B.R. 356 (Bankr.S.D.N.Y.1988); *In re Curtina Int'l,* 15 B.R. 993 (Bankr.S.D.N.Y.1981).

In essence, Donovan Leisure's motion to impose a charging lien is a matter concerning a creditor of the debtor and a third party. This matter does not arise in or under Title 11 and is not a core proceeding. It does not involve a substantial right provided by Title 11 nor is it a proceeding that could arise only in the context of a bankruptcy case. Donovan Leisure's claim does not meet the Second Circuit's test for whether a matter is related to a Title 11 case. Donovan Leisure's claim for a charging lien, on Mrs. Gucci's settlement with the debtor, will not affect the debtor's estate or the administration of his estate or any creditor's rights to the distribution of proceeds of the debtor's estate.

Since Donovan Leisure's claim against Mrs. Gucci does not arise in or under Title 11 and the claim is not related to a Title 11 case, Donovan Leisure's motion to impose a charging lien is denied for lack of subject matter jurisdiction, without prejudice to any subsequent action or proceeding by it in a court of competent jurisdiction.

I do not reach the issue of whether Donovan Leisure is entitled to a charging lien.

Settle Order.