■ SPECIALTY RESTAURANTS CORPORATION, Appellant, v MICHAEL BARRY, Respondent. [653 NYS2d 972] —Mikoll, J. P. Ap-

peal from an order of the Supreme Court (Ceresia, Jr., J.), entered August 4, 1995 in Rensselaer County, which denied plaintiff's motion for partial summary judgment.

Plaintiff commenced this action alleging, *inter alia*, that pursuant to defendant's personal, written guarantees executed in favor of plaintiff, defendant was obligated to pay indebtedness incurred by R.C.C. Corporation (hereinafter R.C.C.), including the amount that the US Bankruptcy Court for the Northern District of New York found R.C.C. to be in default, to plaintiff. Defendant answered and denied the substantive allegations in the complaint. In January 1995 plaintiff moved for summary judgment on its first cause of action, contending that defendant was obligated to pay R.C.C.'s indebtedness to plaintiff based on Bankruptcy Court's order that R.C.C. was indebted to plaintiff. Defendant countered the motion contending, *inter alia*, that the order of Bankruptcy Court did not have preclusive effect against him.

Supreme Court denied plaintiff's motion for summary judgment, holding that defendant was not in privity with R.C.C. and was not barred from litigating issues concerning the validity of R.C.C.'s debts to plaintiff. This appeal ensued.

The discrete issue here is whether the finding of default against R.C.C. in Bankruptcy Court should be given preclusive effect against defendant. Collateral estoppel or issue preclusion "bars relitigation of issues that have necessarily been determined in a prior proceeding" (*McNeary v Senecal*, 197 AD2d 835, 836; *see, Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455). To invoke the doctrine, "the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination" (*Kaufman v Eli Lilly & Co.*, *supra*, at 455).

Plaintiff urges that defendant and R.C.C. were in privity with each other, such that defendant was provided with a full opportunity to litigate in Bankruptcy Court the issue of his obligation to make good R.C.C.'s debts and is now foreclosed from taking issue with Bankruptcy Court's determination. Defendant has admitted that he is president, shareholder and director of R.C.C. Controlling status over R.C.C. constitutes, as a matter of law, privity with it (*see, Green v Santa Fe Indus.*, 70 NY2d 244, 254). As to identity of issue, "[i]f the issue has not been litigated, there is no identity of issues between the present action and the prior determination" (*Kaufman v Eli Lilly & Co.*, *supra*, at 456). As the proponent of preclusion, it

was plaintiff's burden to demonstrate that the issue was actually litigated in Bankruptcy Court. Based on the record, it cannot be determined whether the issue of R.C.C.'s default was based on a resolution on the merits or if it was determined in a more expedited manner. Plaintiff has failed to sustain its burden. We conclude, therefore, that Supreme Court property denied plaintiff's motion for summary judgment.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.