■ EVERGREEN BANK, N. A., Respondent, v HENRY N. DASHNAW, JR., et al., Appellants, et al., Defendants. [668 NYS2d 256] —Carpinello, J. Appeal from an order of the Supreme Court (Dawson, J.), entered January 23, 1997 in Clinton County, which granted plaintiff's motion to dismiss the counterclaims of defendants Henry N. Dashnaw, Jr. and Kevin N. Dashnaw.

In connection with their development of a "planned unit development" and golf course on property in the Town of Peru, Clinton County, defendants Henry N. Dashnaw, Jr. and Kevin N. Dashnaw (hereinafter collectively referred to as defendants),

sole partners of Northwood Estates, secured financing from plaintiff's predecessor in interest in the amount of $300,000. Defendants executed a "mortgage note" which was secured by a first mortgage on the real property. The note was subsequently modified on two occasions.

After defendants defaulted on the loan, plaintiff commenced this foreclosure action in June 1995. On August 7, 1995, an amended answer was served with lender liability counterclaims asserting fraud, breach of good faith and fair dealing and breach of fiduciary duty, among other claims. The counterclaims sought, *inter alia*, "a judgment reforming, as appropriate, the Notes and Obligations" and damages. Two days after filing the amended answer, Northwood Estates filed for chapter 11 bankruptcy in the US District Court in the Northern District of New York. It is undisputed that defendants' debt to plaintiff was scheduled as a partnership liability in the bankruptcy proceeding, that the counterclaims were scheduled as partnership assets (*see*, 11 USC § 521 [1]; *see also*, Bankruptcy Rules, rule 1007 [g]) and that the instant action was stayed following defendants' successful procurement of a co-debtor stay (*see*, 11 USC § 105). Notably, the bankruptcy plan of reorganization resolved the debt at issue in this action. Under the confirmed plan, defendants' mortgage loan was reinstated and modified. Defendants' refusal to voluntarily discontinue the instant State court action after plan confirmation forced plaintiff to move to dismiss the counterclaims based on the doctrine of res judicata. In a thorough and well-reasoned decision, Supreme Court granted plaintiff's motion.

"Res judicata bars future litigation between the same parties, or those in privity with the parties, of a cause of action arising out of the same transaction or series of transactions as a cause of action that was either raised or could have been raised in a prior proceeding" (*Matter of Joy Co. v Hudacs*, 199 AD2d 858, 859). The doctrine applies with full force to Bankruptcy Court determinations (*see, e.g.*, *McNeary v Senecal*, 197 AD2d 835). Stated more simply, the doctrine of res judicata precludes second chance litigation and in our view that is exactly what defendants are attempting to gain in this case. Accordingly, we affirm.

Even though defendants sought, and received, a co-debtor stay in the bankruptcy proceeding staying the instant foreclosure action and even though that proceeding restructured the very debt at issue herein, defendants maintain that their interests "were simply not an issue in the Bankruptcy Proceeding" and that the financial relationship between themselves

and plaintiff is "wholly irrelevant to the financial relationships between Northwood Estates, as debtor, and [plaintiff], as creditor". We disagree and find that the lender liability counterclaims arose out of the same series of transactions as plaintiff's financial claims in the bankruptcy proceeding for the purpose of res judicata (*see generally, Eubanks v Federal Deposit Ins. Corp.*, 977 F2d 166, 172).

The crux of the counterclaims is that plaintiff's predecessor allegedly misrepresented that the note would be routinely renewed until paid in full. The bankruptcy proceeding, with the *express* consent of defendants, resulted in the loan being extended. Moreover, whether they agreed to the confirmed reorganization plan or not, defendants, as general partners in Northwood Estates, are now bound by it (*see*, 11 USC § 1141 [a]; *see also, Sure-Snap Corp. v State St. Bank & Trust Co.*, 948 F2d 869, 873 [res judicata bars any attempt by parties to reorganization hearing to relitigate matters that were raised or could have been raised]).

Relying almost exclusively on a now defunct rule of law in *Specialty Rests. Corp. v Barry* (Sup Ct, Rensselaer County, July 27, 1995, Ceresia, J., *affd* 236 AD2d 754)—a case, we note, that did not involve the application of res judicata— defendants further assert that they were not in privity with Northwood Estates during the bankruptcy proceeding. Again, we are unpersuaded. To establish privity, "the connection between the parties must be such that the interests of the nonparty can be said to have been represented in the prior proceeding" (*Green v Santa Fe Indus.*, 70 NY2d 244, 253; *see, Tamily v General Contr. Corp.*, 210 AD2d 564, 566). The concept requires a flexible analysis of the facts and circumstances of the actual relationship between the party and nonparty in the prior litigation (*see, Matter of Slocum v Joseph B.*, 183 AD2d 102, 104) and privity will exist where individuals "so controlled the conduct of the prior litigation in which they were interested such that the result is res judicata against them" (*Tamily v General Contr. Corp., supra*, at 566).

Defendants were intimately involved in the bankruptcy proceeding. Notwithstanding the fact that they were represented by counsel separate from the debtor's counsel, it is undisputed that they signed all pertinent paperwork in that proceeding, including the chapter 11 bankruptcy petition and reorganization plan, were present during negotiations of the plan and agreed to it and attended hearings before the Bankruptcy Court, including the confirmation hearing. As the *sole* partners of Northwood Estates, defendants clearly possessed

controlling status over the bankruptcy proceeding (*see, Green v Santa Fe Indus., supra,* at 254; *see generally, Sterling Doubleday Enter. v Marro,* 238 AD2d 502, 503; *cf., Tamily v General Contr. Corp., supra,* at 566) and were afforded ample opportunity to litigate the counterclaims, which were scheduled as partnership assets (*cf., Nationwide Mech. Contrs. Corp. v Hokkaido Takushoku Bank,* 188 AD2d 871, 872, *lv denied* 81 NY2d 711). Significantly, neither counsel for Northwood Estates nor counsel for defendants raised an objection to the reorganization plan on the ground that it did not take these claims into consideration (*see generally, Matter of Baudoin v Bank of La Fayette,* 981 F2d 736, 741-743). Moreover, while defendants correctly point out that actual or potential conflicts of interest between a party and nonparty in previous litigation "will negate the necessary element of adequate representation to establish privity" (*Matter of Slocum v Joseph B., supra,* at 105), no such conflict of interest has been demonstrated here as between the partnership Northwood Estates and defendants, its general partners (*compare, In re New Era Co.,* 115 BR 41, 45, *affd* 125 BR 725).

We have reviewed the parties' remaining contentions and reject them as unpersuasive.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.