■ Bay Shore Family Partners, L.P., et al., Respondents, v Foundation of Jewish Philanthropies of the Jewish Federation of Greater Fort Lauderdale et al., Appellants. [704 NYS2d 631] —In an action, *inter alia,* for specific performance of a contract for the sale of real property, (1) the defendants Fred J. Carillo, Carolyn M. Carrano Trust, Frank Carrano Trust, Estate of Frank Carrano, and Bago Realty Corp. appeal from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), dated January 15, 1999, as denied that branch of their motion which was to dismiss the complaint insofar as asserted against them by the plaintiffs Bay Shore Family Partners, Michael Modell a/k/a Michael S. Modell, William Modell, and Bayshore, Inc., f/k/a Bayway, Inc., (2) the defendants Foundation of Jewish Philanthropies of the Jewish Federation of Greater Fort Lauderdale, Daniel D. Cantor Charitable Remainder Unitrust, and The Jewish Federation of Greater Fort Lauderdale s/h/a The Jewish Federation of Greater Fort Lauderdale, Inc., separately appeal from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them by the plaintiffs Bay Shore Family Partners, Michael Modell a/k/a Michael S. Modell, William Modell, and Bayshore, Inc., f/k/a Bayway, Inc., and (3) the defendant Daniel D. Cantor separately appeals from so much of the same order as denied that branch of his cross motion which was for summary judgment dismissing the complaint insofar as asserted against him by the plaintiffs Bay Shore Family Partners, Michael Modell a/k/a Michael S. Modell, William Modell, and Bayshore, Inc., f/k/a Bayway, Inc.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, those branches of the defendants' motion and cross motions which were for summary judgment dismissing the complaint insofar as asserted against them by the respondents are granted, and the complaint is dismissed in its entirety.

In this action, the plaintiffs seek, *inter alia*, specific performance of a contract pursuant to which the defendant Foundation of Jewish Philanthropies of the Jewish Federation of Greater Fort Lauderdale agreed to convey its interest in certain real property to the plaintiff Bay Shore Family Partners, L.P. (hereinafter Bay Shore). On a prior appeal, this Court dismissed an identical action commenced by Bay Shore, concluding that because Bay Shore was not in existence at the time that the contract was executed and was not a validly-created limited partnership as of the scheduled closing date, it could not enforce the contract. Bay Shore's alternative contention that it was entitled to enforce the contract as a general partnership, even if it was not a validly formed limited partnership, was rejected (*see, Bay Shore Family Partners v Foundation of Jewish Philanthropies,* 239 AD2d 373).

In response to the defendants' motions to dismiss this action on various grounds, Bay Shore conceded that the causes of action asserted on its behalf were barred by the doctrine of res judicata. The Supreme Court declined to dismiss the complaint insofar as asserted by the remaining plaintiffs on that ground because they were not parties to the prior action and because, it concluded, the prior dismissal was not on the merits. We reverse.

This Court's determination on the prior appeal that the contract was not enforceable was clearly a decision on the merits. In addition to barring future litigation between the same parties with regard to the same transactions or series of transactions, res judicata also bars future litigation by those who were in privity with the parties to the prior action (*see, Watts v Swiss Bank Corp.,* 27 NY2d 270; *Evergreen Bank v Dashnaw,* 246 AD2d 814). "[T]he term privity * * * denominates a rule * * * to the effect that under the circumstances, and for the purposes of the case at hand, a person may be bound by a prior judgment to which he was not a party of record * * * It includes those who are successors to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and possibly coparties to a prior action" (*Watts v Swiss Bank Corp., supra,* at 277).

The respondents in this action were in privity with Bay Shore in the prior action. Their interests were fully represented by Bay Shore in the prior litigation and they had control of that litigation. Consequently, the causes of action in the present complaint asserted on behalf of the respondents are also barred by the doctrine of res judicata (*see, Watts v Swiss Bank Corp., supra; Evergreen Bank v Dashnaw, supra; Sterling Doubleday Enters. v Marro,* 238 AD2d 502).

In any event, a partnership cause of action belongs only to the partnership itself or to the partners jointly, and a partner may not sue to recover on a partnership claim in his or her individual capacity (*see, Shea v Hambro Am.,* 200 AD2d 371; *Stevens v St. Joseph's Hosp.,* 52 AD2d 722). Consequently, Bayshore, Inc., f/k/a Bayway, Inc., and the individual plaintiffs may not maintain the action in their individual capacities. There is no merit to their contention that they are "personal representatives" or "assigns" of Bay Shore entitled to enforce the contract pursuant to section 16 (a) of the contract.

In light of our determination, it is unnecessary to address the appellants' remaining contentions. Bracken, J. P., Ritter, Altman and McGinity, JJ., concur.