JOHN BRIGGS et al., Respondents, v ANDREW J. CHAPMAN et al., Appellants. [818 NYS2d 642]—

Crew III, J.P. Appeal from an order of the Supreme Court (Demarest, J.), entered May 18, 2005 in St. Lawrence County, which granted plaintiffs' motion for partial summary judgment on the issue of liability.

In July 1972, the Department of Environmental Conservation (hereinafter DEC) issued a permit to defendants for the reconstruction of a dam on their property on Grass Lake in the Town of Rossie, St. Lawrence County. Pursuant to the terms thereof, defendants were not allowed "to trespass upon the lands of others to perform the permitted work," nor were they granted approval "for flooding any lands other than those belonging to [them]." Additionally, defendants expressly accepted "full legal responsibility for all damages, direct or indirect, of whatever nature, and by whomever suffered, arising out of the project described" in the permit. Defendants have been operating the dam with appurtenances for the impoundment of water since that time.

Difficulties regarding defendants' operation of the dam thereafter developed and, in September 2002, defendant Andrew J.

Chapman was issued appearance tickets by a DEC conservation officer for violating the terms of the permit by obstructing the water flow and failing to comply with a lawful order of a conservation officer. Chapman was found guilty of these charges and ordered to lower the impoundment to the permitted level. Additionally, DEC was directed to inspect the dam and monitor Chapman's compliance with the terms and conditions of the subject permit. Problems continued and, in November 2004, a natural resources supervisor for DEC visited defendants' property and observed, among other things, that the water level behind the dam was 22 inches above the permitted level and that concrete had been poured into the water control structure, without a permit from DEC, thereby impeding the water flow and increasing the water level upstream of the dam.

Plaintiffs, all of whom own property along the shore of Grass Lake, thereafter commenced this action contending that defendants' deliberate and/or negligent operation of their dam and the impoundment of water in excess of the level allowed by the DEC permit resulted in flooding and caused substantial damage to their respective properties. Following joinder of issue, plaintiffs moved for partial summary judgment on the issue of liability. Supreme Court, in a terse bench decision, granted plaintiffs' motion, and this appeal by defendants ensued.

We affirm. Based upon our review of the record as a whole, which includes, among other things, the permit issued to defendants, affidavits from DEC personnel and certain photographic evidence, we are satisfied that plaintiffs met their burden of demonstrating that defendants deliberately or negligently obstructed the flow of water and raised the impoundment above the permitted level, thereby causing flooding to plaintiffs' properties. In opposition, defendants offered only a brief affidavit wherein they averred that they rarely were present at their property in St. Lawrence County and denied doing "anything to dam the water in a fashion that would even remotely cause flooding to nearby lands." Such conclusory denials plainly are insufficient to raise a question of fact as to the issue of liability. Accordingly, we have no quarrel with Supreme Court's decision to grant plaintiffs' motion for partial summary judgment on the issue of liability.

Carpinello, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.