■ John Briggs et al., Respondents, v Andrew J. Chapman et al., Defendants, and Alpha & Omega Outfitters, LLC, Appellant. [863 NYS2d 97]—

Kavanagh, J. Appeal from an order of the Supreme Court (Demarest, J.), entered June 22, 2007 in St. Lawrence County, which granted plaintiffs' motion for summary judgment.

In 1972, defendants Andrew J. Chapman and Thelma Chapman obtained a permit from the Department of Environmental Conservation for the reconstruction of a dam on their property, located on Grass Lake in the Town of Rossie, St. Lawrence County. Plaintiffs, owners of real property along Grass Lake, commenced this action in November 2004, alleging that the Chapmans violated the terms of their permit by the way they constructed this dam and have, as a result, negligently or deliberately obstructed the flow of water into the lake, raising

the water level and causing flooding to plaintiffs' properties. By order entered in April 2005, Supreme Court granted plaintiffs' motion for summary judgment on the issue of liability finding that there was "ample proof . . . that [the Chapmans] have no right to flood [plaintiffs' properties] above the permit[ted level]." This Court affirmed that order (30 AD3d 923 [2006]).

In March 2006, Thelma Chapman executed a quit claim deed transferring title of the Chapmans' property to defendant Alpha & Omega Outfitters, LLC (hereinafter defendant) and plaintiffs, thereafter, amended their complaint to add defendant as a party. As a result of defendant's expressed belief that it had a right to raise the level of the lake above the permitted elevation of 323.75 feet, plaintiffs again moved for summary judgment on the issue of liability. Defendant argued that it was not bound by Supreme Court's prior order, the motion for summary judgment was premature and issues of fact existed that precluded summary judgment. Supreme Court granted summary judgment on the issue of liability in plaintiffs' favor, finding that defendant "derive[d its] title from the prior owner," and that it had already ruled that the Chapmans did not have the right to raise the level of the lake above the limit set by the Department of Environmental Conservation permit. Defendant now appeals.

Defendant is bound by Supreme Court's prior order granting summary judgment on the issue of liability in plaintiffs' favor. Under the law of the case doctrine, parties or their privies are "preclude[d from] relitigating an issue decided in an ongoing action where there previously was a full and fair opportunity to address the issue" (Town of Massena v Healthcare Underwriters Mut. Ins. Co., 40 AD3d 1177, 1179 [2007]; see Webster v Ragona, 51 AD3d 1128, 1131-1132 [2008]; Beneke v Town of Santa Clara, 45 AD3d 1164, 1165 [2007], lv denied 10 NY3d 706 [2008]). Here, it is without question that defendant is seeking to relitigate an issue—the right to raise the lake above the permitted level—that was decided by Supreme Court after the Chapmans, their immediate predecessors in title, were given a full and fair opportunity to address it. Only after the Chapmans had filed an answer to the complaint and responded to the motion, did Supreme Court render its decision and enter its order.

Further, while defendant was not an actual party to the motion, it stands in privity with the Chapmans. Privity is established when " 'the connection between the parties [is] such that the interests of the nonparty can be said to have been represented' " (Comi v Breslin & Breslin, 257 AD2d 754, 757 [1999], quoting Green v Santa Fe Indus., 70 NY2d 244, 253 [1987]). Defendant is a foreign corporation that was incorpo-

rated two months before it acquired the property from the Chapmans.* In its answer to the complaint, defendant admitted that the Chapmans "are officers, shareholders and/or owners of [d]efendant [c]orporation," and there is nothing in the record to indicate who, if anyone, other than the Chapmans served in such a capacity (*see Specialty Rests. Corp. v Barry*, 236 AD2d 754, 755 [1997]).

Moreover, as the party seeking to defeat the application of the law of the case doctrine, defendant bears the burden of demonstrating "the absence of a full and fair opportunity to litigate the issue in the prior action" (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456 [1985]). While defendant seems to argue that the Chapmans' response to the motion for summary judgment was inadequate and incomplete, defendant has failed to demonstrate that the Chapmans were in some way deprived of a full and fair opportunity to litigate the initial motion for summary judgment or that evidence exists which was not previously available that would dictate a different result. Therefore, in accordance with the "sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as [j]udges and courts of [coordinate] jurisdiction are concerned" (*Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]), defendant is precluded from relitigating the issue already determined by Supreme Court.

Mercure, J.P., Rose, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed, with costs.

---

* Notably, after plaintiffs commenced this action, the Chapmans transferred title to the property to the Wabanaki Confederacy and Kanienkehaka Nation of the Hodenasaunee Confederacy—two Native American groups. Title was transferred back to the Chapmans, however, before plaintiffs moved for summary judgment against defendant.