OPINION OF THE COURT
Elizabeth H. Emerson, J.
It is ordered that this motion by the defendants for summary judgment dismissing the complaint is granted; and it is further ordered that the defendants’ counterclaim is severed; and it is further ordered that the parties are directed to proceed to trial on the counterclaim.
The facts of this case have already been determined in the related action (Grand Bank for Sav. v Araujo Familia, Inc., 2012 NY Slip Op 33123[U] [Sup Ct, Suffolk County 2012, Farneti, J.]).
On November 24, 2008, Ufuk and Bayrak Karali (the Karalis) sold a parcel of commercial real property in Hampton Bays, New York, to the defendant Araujo Familia, Inc. (Araujo Familia) for $1.2 million. Araujo Familia borrowed $1,098,000 from the Karalis for the purchase, executing a 20-year note secured by a mortgage on the property with monthly payments in the amount of $8,845.41. The defendant Americo Araujo, the president and sole shareholder of Araujo Familia, personally guaranteed the loan. On April 3, 2009, the Karalis sold the next 60 monthly payments due on the loan to Grand Bank for Savings (Grand Bank) for $370,167.17. On the same day, the Karalis executed and delivered to Grand Bank an allonge to the note and an assignment of the mortgage. The Karalis then notified Araujo Familia that future mortgage payments were to be made to Grand Bank.
*1045 Araujo Familia defaulted by failing to make the loan payment due on August 1, 2009, and by failing to pay the real estate taxes on the property. On October 8, 2009, Grand Bank notified the Karalis of Araujo Familia’s default. Pursuant to the agreement between the Karalis and Grand Bank, the Karalis had 15 days to cure Araujo Familia’s default (1) by purchasing Grand Bank’s interest in the note and mortgage or (2) by making the monthly mortgage payments to bring and keep the loan current. The Karalis failed to exercise either option, which constituted a default under the terms of their agreement with Grand Bank. The agreement provided that upon the Karalis’ default ownership of the note and mortgage vested entirely in Grand Bank, and the Karalis had no further rights thereunder.
In December 2009, Grand Bank commenced a foreclosure action in this court against Araujo Familia. Grand Bank moved for summary judgment, which was denied with leave to renew by an order dated April 6, 2010 (Grand Bank for Sav. v Araujo Familia, Inc., 2010 NY Slip Op 33988[U] [Sup Ct, Suffolk County 2010, Cohen, J.]). After the Karalis were granted leave to intervene as coplaintiffs, they interposed a foreclosure complaint against Araujo Familia and cross-claimed against Grand Bank. Grand Bank moved, inter alia, for summary judgment and dismissal of the Karalis’ complaint and cross claim. By an order dated December 28, 2012 (Grand Bank for Sav. v Araujo Familia, Inc., 2012 NY Slip Op 33776[U] [Sup Ct, Suffolk County 2012, Farneti, J.]), Grand Bank’s motion was granted. In dismissing the Karalis’ complaint and cross claim, the court found that Grand Bank’s limited interest in the property (i.e., 60 mortgage payments) had ripened into a full interest upon the Karalis’ default and that the Karalis had forfeited their right to receive any further proceeds under the note and mortgage. Grand Bank then moved for a judgment of foreclosure and sale. While that motion was pending, Araujo Familia entered into a short sale of the property for $910,000. Seven hundred and ninety thousand dollars were paid to Grand Bank to satisfy the loan, and $120,000 was retained by Araujo Familia. The Karalis received nothing from the proceeds of the sale, resulting in a loss to them of $728,702.83. The foreclosure action was subsequently discontinued with prejudice by all parties, including the Karalis, pursuant to a stipulation of discontinuance dated November 19, 2013. This action ensued.
The complaint contains two causes of action to recover $728,702.83 from Americo Araujo under the personal guarantee *1046 executed by him and from both defendants under a fraud theory. The Karalis allege that they were defrauded because the defendants had no intention of repaying the loan and because Americo Araujo divested himself of assets to avoid making payments under the guarantee. Discovery is now complete, and the defendants move for summary judgment dismissing the complaint. The defendants contend that the complaint fails to state a cause of action for fraud, that the Karalis’ claim against Americo Araujo under the guarantee was discharged in bankruptcy, and that the Karalis’ claim against Araujo Familia was adjudicated and extinguished in the prior foreclosure action. In opposition, the Karalis contend that their claim is viable insofar as it is asserted against Americo Araujo because he was not a party to the prior foreclosure action, because a discharge in bankruptcy does not include debts incurred by fraud, and because the evidence supports their claim of fraud.
The doctrines of res judicata and collateral estoppel are designed to put an end to a matter once it is duly decided (Eagle Surgical Supply, Inc. v AIG Indem. Ins. Co., 40 Misc 3d 139[A], 2013 NY Slip Op 51441[U], *1 [2013]). Res judicata, or claim preclusion, is invoked when a party, or those in privity with that party, seek to relitigate a disposition on the merits of claims or causes of action arising out of the same transaction or series of transactions that were raised, or could have been raised, in a prior litigation (id. [collecting cases]). Once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if they are based upon different theories or seek a different remedy (O’Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). Moreover, a stipulation of discontinuance which specifies that it is “with prejudice” raises a presumption that the stipulation is to be given res judicata effect in future litigation on the same cause of action (North Shore-Long Is. Jewish Health Sys., Inc. v Aetna US Healthcare, Inc., 27 AD3d 439 [2006]).
The court finds that the second cause of action sounding in fraud is barred by the doctrine of res judicata. The second cause of action seeks to relitigate the Karalis’ claim to recover under the note and mortgage that were the subject of the prior foreclosure action. That claim was brought to a final conclusion on the merits after the Karalis, who were parties to the prior action, had a full and fair opportunity to litigate it. The second cause of action differs from the prior action only in the theory of recovery and remedy. While Americo Araujo was not a party *1047 to the prior action, he was in privity with Araujo Familia, a defendant in that action. Privity is established when the connection between the parties is such that the interests of the nonparty can be said to have been represented in the prior proceeding (Green v Santa Fe Indus., 70 NY2d 244, 253 [1987]; Briggs v Chapman, 53 AD3d 900, 901 [2008]). As the president and sole shareholder of Araujo Familia, Inc., Americo Araujo was in control of the corporation. Controlling status over a corporation constitutes privity with it as a matter of law (Specialty Rests. Corp. v Barry, 236 AD2d 754, 755 [1997], citing Green v Santa Fe Indus. at 254; see also Briggs v Chapman at 901-902; Sterling Doubleday Enters. v Marro, 238 AD2d 502, 503 [1997]). Thus, the Karalis are barred from relitigating their claim to recover under the note and mortgage against both defendants. In addition, a cause of action for fraud does not lie when, as here, the only fraud alleged is that the defendant was not sincere when he promised to perform under a contract (First Bank of Ams. v Motor Car Funding, 257 AD2d 287, 291 [1999]). Accordingly, the second cause of action is dismissed.
The first cause of action seeks to recover under the guarantee. The record reflects that Americo Araujo’s debt to the Karalis was discharged in bankruptcy, which bars further litigation on the validity of that claim pursuant to the doctrine of res judicata (see Leahy v County Wide Home Loans, Inc., 51 AD3d 876, 877 [2008]). The Karalis contend that section 523 (a) (2) (A) of the Bankruptcy Code (11 USC) specifically exempts from discharge debts incurred by false pretenses, a false representation, or actual fraud and that Araujo’s false promise to guarantee payment of the loan falls squarely within this exception. Before 1970, the bankruptcy courts had concurrent jurisdiction with the state courts to decide whether debts were excepted from discharge (Grogan v Garner, 498 US 279, 284 n 10 [1991], citing Brown v Felsen, 442 US 127, 129 [1979]). Since then, however, the bankruptcy courts have been vested with exclusive jurisdiction over certain dischargeability exceptions, including the exceptions for fraud (id., citing Brown v Felsen at 135-136; see also Haig, Commercial Litigation in New York State Courts § 51:29 at 1207 [3d ed 4 West’s NY Prac Series 2010]). Under section 523 (c) (1), the nondischargeability of debts within the exclusive jurisdiction of the Bankruptcy Court must be resolved in the course of the bankruptcy case in order for those debts to be excluded from discharge (1 Alan N. *1048 Resnick & Henry J. Sommer, Collier Pamphlet Edition at 472 [Matthew Bender 2014]). This court is, therefore, without jurisdiction to determine whether the fraud exception applies, and the Karalis’ remedy, if any, is a proceeding in the Bankruptcy Court to revoke Araujo’s discharge (see Bankruptcy Code § 727 [d], [e]; Haig § 51:28 at 1205-1206). Accordingly, the first cause of action is dismissed.