Shaoul v Komolov (2024 NY Slip Op 00989)

Shaoul v Komolov

2024 NY Slip Op 00989

Decided on February 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2024

Before: Singh, J.P., Friedman, González, Higgitt, Michael, JJ. 

Index No. 652276/22 Appeal No. 1764 Case No. 2022-05833 

[*1]Jack Shaoul, Plaintiff-Appellant,
v
Alexander Komolov et al., Defendants-Respondents.

The Law Offices of Mitchell Cantor, New York (Mitchell Cantor of counsel), for appellant.
Chiesa Shahinian & Giantomasi P.C., New York (April Campos of counsel), for respondents.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about November 28, 2022, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(5), unanimously affirmed, with costs.
This action is barred by res judicata in view of the final judgment in an action involving plaintiff and defendants High Value Trading LLC and Alskom Realty, LLC regarding the sale or consignment of certain paintings between the parties, which was affirmed by this Court (High Value Trading, LLC v Shaoul, 168 AD3d 641 [1st Dept 2019], lv denied 33 NY3d 910 [2019]).
"[U]nder res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties," or those in privity with them, on any "claims arising out of the same transaction or series of transactions . . ., even if based upon different theories or if seeking a different remedy" (Landau, P.C. v LaRossa, Mutchell & Ross, 11 NY3d 8, 12 [2008] [internal quotation marks omitted]). Here, defendant Alexander Komolov, the principal of High Value and Alskom, is in privity with both High Value and Alskom (see Buechel v Bain, 97 NY2d 295, 304-305 [2001], cert denied 535 US 1096 [2002]; Specialty Rests. Corp. v Barry, 236 AD2d 754, 755 [3d Dept 1997]). The claims in this action arise out of the same transaction as the prior action, and contrary to plaintiff's contention, he could have sought recovery of the paintings in the prior action and thus is precluded from relitigating the issue now (see Rojas v Romanoff, 186 AD3d 103, 107-109 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2024