(August 8, 2006)

■ Jennifer Aiosa et al., Appellants, v Mercy Medical Center, Defendant, and Obstetrical & Gynecological Services of Rockville Centre et al., Respondents. [820 NYS2d 109]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Davis, J.), entered April 13, 2005, which granted the motion of the defendants Obstetrical & Gynecological Services of Rockville Centre and Elizabeth Fitzsimmons for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the defendants Obstetrical & Gynecological Services of Rockville Centre and Elizabeth Fitzsimmons.

The plaintiff Jennifer Aiosa (hereinafter the plaintiff) allegedly injured her back and legs when, immediately after giving birth, the adjustable segmented foot of the birthing bed on which she had been placed for the delivery allegedly collapsed three times. The bed was apparently owned by the defendant Mercy Medical Center. The plaintiff and her husband claim that the defendant Elizabeth Fitzsimmons, a certified nurse midwife employed by the defendant Obstetrical & Gynecological Services of Rockville Centre (hereinafter OGS), operated the bed in a negligent manner and that OGS failed to train Fitzsimmons in the proper manner of operating the bed.

The Supreme Court granted the motion of Fitzsimmons and OGS for summary judgment dismissing the complaint insofar as asserted against them, primarily on the ground that they owed no duty of care to the plaintiff to safely operate the bed. We reverse and reinstate the complaint insofar as asserted against Fitzsimmons and OGS.

Contrary to the Supreme Court's determination, Fitzsimmons and OGS owed a duty to the plaintiff to avoid operating the birthing bed in an improper and unsafe manner that would cause the various segments of the bed to fold or collapse suddenly while a patient was on it (*see Finocchio v Crest Hollow Club at Woodbury,* 184 AD2d 491, 492-493 [1992]; *Ladd v Hudson Val. Ambulance Serv.,* 142 AD2d 17 [1988]; *see also Edson v Community Gen. Hosp. of Greater Syracuse,* 289 AD2d

973 [2001]; *cf. Scott v Uljanov,* 74 NY2d 673, 674-675 [1989]). The transcript of the plaintiff's deposition testimony, submitted by Fitzsimmons and OGS in support of their motion, reflects her unambiguous testimony that the foot of the bed collapsed immediately after each of the two attempts made by Fitzsimmons to adjust and secure the foot segment of the bed. As a result, Fitzsimmons and OGS failed in their moving papers to establish that they neither exercised control over the bed, nor caused the bed to collapse by their improper and unsafe operation. Therefore, the motion for summary judgment should have been denied for failure of Fitzsimmons and OGS to satisfy their burden (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Edson v Community Gen. Hosp. of Greater Syracuse, supra),* and it is thus unnecessary to consider whether the papers in opposition were sufficient to raise a triable issue of fact (*see Spuhler v Khan,* 14 AD3d 693, 694 [2005]; *Kolivas v Kirchoff,* 14 AD3d 493 [2005]). Krausman, J.P., Mastro, Spolzino and Covello, JJ., concur.