■ JUANITA CARMONA, Appellant, et al., Plaintiff, v KEVIN ROSS MATHISSON, M.D., et al., Respondents, et al., Defendants. [938 NYS2d 300]—

Plaintiff seeks to recover damages for injuries she sustained during cataract surgery performed by defendant Mathisson at defendant Montefiore Medical Center, using an Alcon Series 20000 Legacy phacoemulsification machine. We previously granted summary judgment to Alcon, the manufacturer of the machine, dismissing plaintiff's claims for strict liability and negligent design and manufacture (54 AD3d 633 [2008] [*Carmona I*]). In so ruling, we found that Alcon sustained its prima facie burden on the motion by submitting an affidavit from its expert, an engineer familiar with the design and manufacture of the machine, who "opined that the product was not defectively designed or manufactured, and that a product defect did not cause [plaintiff's] injuries, positing other possible causes related to human error" (*id.* at 634). We further found that in opposing the motion, plaintiff "failed to exclude all alternative causes for the injury in response" (*id.*).

The action proceeded to trial against the medical defendants and the trial court permitted defendants to elicit testimony that the Alcon machine malfunctioned or contained a design defect. In addition, the court included Alcon on the verdict sheet for the purpose of apportioning liability. We find that this was error.

" 'An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court . . . [and]

operates to foreclose re-examination of [the] question absent a showing of subsequent evidence or change of law' " (*Kenney v City of New York*, 74 AD3d 630, 630-631 [2010], quoting *J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey*, 45 AD3d 809 [2007]). Under the doctrine, parties or their privies are "preclude[d from] relitigating an issue decided in an ongoing action where there previously was a full and fair opportunity to address the issue" (*Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 40 AD3d 1177, 1179 [2007]; *see also Matter of Atlantic Mut. Ins. Co. v Lauria*, 291 AD2d 492, 493 [2002]). Applying these principles, given our determination in *Carmona I* dismissing the products liability claims against Alcon, the trial court erred when it allowed the medical defendants to introduce evidence regarding a design or manufacturing defect in the Alcon Series 20000 Legacy phacoemulsification machine, and when it included Alcon on the verdict sheet for apportionment purposes.

We note, however, that our determination in *Carmona I* does not preclude the medical defendants from presenting a defense based on a claim of unexplained malfunction. In *Carmona I*, we found that Alcon's submissions satisfied its burden of establishing that the machine complied with applicable design and manufacturing standards and that plaintiff failed to exclude alternative causes for the injury. Nothing in our decision suggests that the machine could not have malfunctioned for a reason other than Alcon's negligent design or manufacture. For example, a defense expert testified at trial that "machines malfunction occasionally. No way to tell in advance, unfortunately." Given such testimony, a jury may determine that the Alcon phacoemulsification machine malfunctioned even in the absence of any design or manufacturing defect.

The errors in allowing testimony as to a manufacturing and design defect and in including Alcon on the verdict sheet were not harmless. Defense counsel argued in summation that "[t]his is an imperfect technology. Sooner or later, somebody is going to get burned by the very principle of the fact that this headpiece gets hot . . . An alarm does not sound until it is completely obstructed which means by then it is too hot . . . a corneal burn takes place." Defense counsel also cited the testimony of Dr. David, an engineer, for the proposition that "the machine begins to get dangerous before the alarm goes off. That's an inherent problem with the machine." Counsel further stated, "I made an argument that the technology in this case is not perfect, that these machines are always being changed to try to make them safer for patients. There are a hundred FDA reports

and it is all because of claims that these machines were not functioning properly at a time that a patient got injured." These arguments clearly point to a defective design or manufacture defense, not an unexplained malfunction.

Further, in its charge, the Court instructed that if you find the medical defendants at fault, "you are then to decide what, if any, or if at all fault lies with Alcon." The Court continued:

"Alcon Laboratories is not a defendant in this case and I so charge you. You do not speculate why or draw any conclusion from that fact.

"Nevertheless, you may, you're not required to do so but you may consider whether if at all Alcon Laboratories also bears fault here.

"In making the decision you will weigh the degree of fault, if any, of each of the three parties. Once you have considered all of the facts and circumstances you will decide what is fair as a division of that responsib[ility] of each party if you so think it is warranted for causing the injury at hand."

Given the foregoing, there is no way of determining the extent to which the jury was influenced by testimony regarding an alleged design defect or the inclusion of Alcon on the verdict sheet, even if the question was not reached.

Accordingly, the verdict in the medical defendants' favor should be vacated and the matter remanded for a new trial, at which defendants, with respect to the Alcon Series 20000 Legacy phacoemulsification machine, should be allowed to introduce evidence as to a single instance of unexplained malfunction, but not as to a design or manufacturing defect. Nor should Alcon be included on the verdict sheet for the purpose of apportioning liability. Concur—Andrias, J.P., Friedman, Catterson, Moskowitz and Román, JJ.