Order, Supreme Court, New York County (Joan A. Madden, J.), entered April 15, 2013, which granted defendant Federal *635 Express Corporation’s (FedEx) motion to dismiss the amended complaint as asserted against it pursuant to CPLR 3211 (a) (7), unanimously reversed, on the law, without costs, and the motion denied.
The complaint alleges that the top portion of a bi-folding industrial elevator door struck plaintiff in the head as he was entering the elevator when a FedEx employee, who had boarded the elevator before plaintiff, pushed the button to close the door while his back was to the door. As a preliminary matter, we reject plaintiffs argument that the instant motion was precluded under the doctrine of law of the case by virtue of a prior order granting plaintiff leave to amend the complaint so as to add FedEx as a defendant. The doctrine of law of the case contemplates that the parties had a full and fair opportunity to litigate when the initial determination was made (People v Evans, 94 NY2d 499, 502 [2000]). When applied, the doctrine precludes parties or their privies from relitigating an issue that has already been decided (see Carmona v Mathisson, 92 AD3d 492, 493 [1st Dept 2012]). The motion court did not consider FedEx’s opposition to plaintiffs motion to amend the complaint, since it was not a party to the case at the time, and thus FedEx was not precluded from moving to dismiss the claims subsequently asserted against it in the amended complaint.
The complaint is viable insofar as it alleges that the FedEx courier was negligent in pressing the button to close the door while facing away from the doorway without allowing himself to verify that no one was entering the elevator. Given the unique nature of this bi-folding industrial elevator door, the FedEx courier had a duty to use reasonable care under the circumstances to avoid closing the door in a manner that would cause injury to persons entering the elevator (see Basso v Miller, 40 NY2d 233, 240-241 [1976]; Aiosa v Mercy Med. Ctr., 32 AD3d 405 [2d Dept 2006]).
Concur—Mazzarelli, J.R, Moskowitz, DeGrasse, Manzanet-Daniels and Kapnick, JJ.