■ St. Stephen Community A.M.E. Church, Respondent, v 2131 8th Avenue, LLC, et al., Appellants. [1 NYS3d 30]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered June 4, 2013, which, to the extent appealed from, as limited by the briefs, determined that plaintiff is entitled to prejudgment interest on an award of $1.3 million for defendants' breach of a purchase and sale agreement between plaintiff and 2131 8th Avenue, LLC., unanimously affirmed, without costs.

In this action for breach of contract related to the sale of real property, defendants' arguments that prejudgment interest is unavailable because the money at issue was held in escrow, depriving them of its use, and rendering the imposition of interest an improper penalty, were squarely addressed and rejected by the Court of Appeals in *J. D'Addario & Co., Inc. v Embassy Indus., Inc.* (20 NY3d 113 [2012]), where, as here, the losing party was found to be in breach of the contract. As the Court of Appeals recognized, the purpose of awarding statutory interest

on amounts held in escrow is "to make [the] aggrieved party whole," and "not to punish the breaching party" (*id.* at 118 [internal quotation marks and citations omitted]).

We also reject defendants' equitable estoppel argument, since any construction work which plaintiff had assumed, and which had not yet been completed, did not affect plaintiff's right to payment of the $1.3 million remaining on the purchase price. Nor was that payment affected by the failure of plaintiff to close on certain portions of the project of which it was to take title, since the failure was caused solely by defendants' improper demands that plaintiff accept a backdated deed and execute improper tax documents, in an apparent attempt to avoid or evade certain tax payments. Concur—Acosta, J.P., Moskowitz, Richter, Feinman and Clark, JJ.