■ DENNIS LEE, Also Known as LEE MAN FOR DENNIS, Respondent, v CHUN KA LUK, Appellant. [8 NYS3d 288]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered September 15, 2014, which denied defendant's motion for leave to amend the answer to assert the affirmative defense of the statute of limitations, unanimously affirmed, without costs.

As Supreme Court had previously denied defendant's pre-answer motion to dismiss the complaint on statute of limitations grounds, holding that the causes of action were timely, the court correctly found that the law of the case precluded defendant from seeking leave to amend his answer to reassert the same defense (*see Carmona v Mathisson*, 92 AD3d 492, 492-493 [1st Dept 2012]). We reject defendant's contention that law of the case is inapplicable because he now relies upon plaintiff's subsequent acknowledgment at his deposition that he had reviewed certain corporate tax returns filed by defendant's decedent in the 1980s, wherein she claimed to be the 100% owner of the family companies at issue. Rather, the evidence shows that the decedent had always had these tax returns in her possession, and thus should have offered them in support of her statute of limitations defense when she made the pre-answer motion to dismiss upon that ground in 2006 (*see id.*; *Briggs v Chapman*, 53 AD3d 900, 902 [3d Dept 2008]; *White v Murphy*, 290 AD2d 704, 705 [3d Dept 2002]).

We further find that even if the law of the case doctrine was inapplicable, defendant did not counter plaintiff's showing that such a late amendment prejudiced him (*see Cherebin v Empress Ambulance Serv., Inc.*, 43 AD3d 364, 365 [1st Dept 2007]). First, plaintiff's purported admissions were made during his deposition held in May 2009, yet defendant did not make the instant motion until June 2014, and has offered no justification for the five year delay. Second, discovery was nearly complete at the time defendant made this motion. Until then, plaintiff had sought discovery solely relating to decedent's defense that their parents had given the companies to her via several oral inter vivos gifts. Plaintiff was unable to elicit information from the decedent on this new defense because she died in April 2011, more than three years before defendant raised this theory.

In any event, defendant did not make an adequate showing that the proposed defense had arguable merit (*see Sabo v Alan B. Brill, P.C.*, 25 AD3d 420, 421 [1st Dept 2006]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Andrias, Manzanet-Daniels and Clark, JJ.