Park Union Condominium v 910 Union St., LLC (2021 NY Slip Op 04278)





Park Union Condominium v 910 Union St., LLC


2021 NY Slip Op 04278


Decided on July 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 08, 2021

Before: Manzanet-Daniels, J.P., Webber, Singh, Kennedy, JJ. 


Index No. 650291/15, 595852/15 Appeal No. 14180,14180A Case No. 2018-906 

[*1]The Park Union Condominium et al., Plaintiffs-Respondents,
v
910 Union Street, LLC, Defendant-Appellant.
910 Union Street, LLC, Third-Party Plaintiff-Appellant,
v
Christian Baker et al., Third-Party Defendants-Respondents, Andrew Klein et al., Third-Party Defendants.


Alter & Barbaro, New York (Bernard M. Alter of counsel), for appellant.
Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Ethan A. Kobre of counsel), for respondents.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered October 10, 2017, which, insofar as appealed from as limited by the briefs, denied defendant/third-party plaintiff's (Sponsor) motion to amend the third-party complaint, unanimously affirmed, without costs. Order, same court and Justice, entered November 28, 2017, which, insofar as appealed from as limited by the briefs, granted plaintiffs' motion for interest, unanimously affirmed, with costs.
Supreme Court providently exercised its discretion in denying Sponsor's motion for leave to amend because the proposed amendment "plainly lack[ed] merit" (Thomas Crimmins Contr. Co. v City of New York, 74 NY2d 166, 170 [1989]). Except for the eighth cause of action, which will be discussed infra, all of the claims in the proposed amended third-party complaint arise out of third-party defendants' failure to inform Sponsor that individual unit owners had received payment from their insurer. That is precisely the defense that we found "unavailing as a matter of law" on the prior appeal (Park Union Condominium v 90 Union St., LLC, 140 AD3d 673, 674 [2016]). Thus, pursuant to law of the case, Sponsor may not keep litigating this issue, and its motion for leave to amend was properly denied (see e.g. Lee v Chun Ka Luk, 127 AD3d 612, 613 [1st Dept 2015]).
The eighth cause of action alleges that the Board of Managers of the Park Union Condominium and three Board members breached the settlement agreement between Sponsor on the one hand and the Park Union Condominium and the Board on the other by failing to deem a certain special assessment paid in full and to inform the Real Estate Finance Bureau of the Office of the New York State Attorney General that certain matters had settled. This claim is not barred by law of the case; however, amendment of the third-party complaint (as opposed to Sponsor's counterclaims) would still be futile. First, the Board is not a proper third-party defendant because it is already a party — it is a plaintiff (see CPLR 1007; Warner v Levinson, 188 AD2d 268 [1st Dept 1992]). Although the Board members are not parties to the main action, they are not liable to Sponsor for plaintiffs' claim that Sponsor failed to timely pay the Settlement Amount (see CPLR 1007; Warner, 188 AD2d at 268). Second, with respect to the alleged failure to deem a certain special assessment paid in full, the documentary evidence shows that the special assessment was deemed paid.
The court properly granted plaintiffs' motion for interest. First, unlike the contract in J. D'Addario & Co., Inc. v Embassy Indus., Inc. (20 NY3d 113 [2012]), the settlement agreement does not limit plaintiffs' sole remedy to costs, attorneys' fees, and disbursements. Second, Sponsor's argument "that prejudgment interest is unavailable because the money at issue was held in escrow, depriving [Sponsor] of its use, and rendering the imposition of interest an improper penalty, w[as] squarely addressed and rejected by [D'Addario[*2]]" (St. Stephen Community A.M.E. Church v 2131 8th Ave., LLC, 123 AD3d 642, 642 [1st Dept 2014]). Third, Sponsor's argument that the case at bar is "an action of an equitable nature" (CPLR 5001[a]) is unavailing. Plaintiffs commenced this action because Sponsor failed to pay the Settlement Amount by the deadlines specified in the settlement agreement, i.e., because it breached a contract. "A cause of action seeking money damages for breach of contract is quintessentially an action at law" (Hudson View II Assoc. v Gooden, 222 AD2d 163, 168 [1st Dept 1996]).
We have considered Sponsor's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 8, 2021