Extended CHHA Acquisition, LLC v Mahoney (2024 NY Slip Op 01673)

Extended CHHA Acquisition, LLC v Mahoney

2024 NY Slip Op 01673

Decided on March 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2024

Before: Singh, J.P., Moulton, Friedman, Scarpulla, O'Neill Levy, JJ. 

Index No. 652755/21 Appeal No. 1924 Case No. 2023-05681 

[*1]Extended CHHA Acquisition, LLC, Respondent,
v
Lenore Mahoney, Appellant, Claudia taglich et al., Defendants.

Wollmuth Maher & Deutsch LLP, New York (David H. Wollmuth of counsel), for appellant.
Gutnicki LLP, Skokie, IL (John E. Zummo of the bar of State of Illinois, admitted pro hac vice, of counsel), and Leader Berken Colao & Silverstein LLP, New York (Michael J. Tiffany of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered November 9, 2023, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Given this Court's decision on defendants' sellers' prior appeal (Extended CHHA Acquisition, LLC v Mahoney, 215 AD3d 18 [2023]), Supreme Court correctly denied defendants' unsanctioned motion for summary judgment (see Carmona v Mathisson, 92 AD3d 492, 492-493 [1st Dept 2012]; Kenney v City of New York, 74 AD3d 630, 630-631 [1st Dept 2010]). Even looking to the substance of defendants' motion again, defendants' arguments are meritless.
This Court previously found that there was no dispute that defendants validly terminated the Membership Interest Purchase Agreement on March 22, 2021, as pursuant to a revised rescission notice, plaintiff buyer was required to transfer the $49 million purchase price on or before March 29, 2021 at 5:00 p.m., which plaintiff failed to do (Extended CHHA Acquisition, LLC, 215 AD3d at 31-32). Contrary to defendants' contention, however, this Court addressed the consequences of the March 22, 2021 termination notice in light of the parties' subsequent conduct. Specifically, this Court went on to find that Supreme Court correctly denied defendants' motion to dismiss the specific performance claim (id.). As reflected in this Court's decision, issues of fact precluded a finding that time was or was not of the essence to close the Purchase Agreement and whether defendants' refusal to grant plaintiff's requested one-day adjournment was done in bad faith to frustrate the closing (id. at 39).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2024