Apollo Asset Mgt., Inc. v Cernich (2024 NY Slip Op 01978)

Apollo Asset Mgt., Inc. v Cernich

2024 NY Slip Op 01978

Decided on April 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2024

Before: Manzanet-Daniels, J.P., Gesmer, Shulman, Higgitt, Rosado, JJ. 

Index No. 653234/20 Appeal No. 2034 Case No. 2023-04212 

[*1]Apollo Asset Management, Inc., et al., Plaintiffs-Respondents,
v
Stephen Cernich, et al., Defendants-Appellants.

Arkin Solbakken LLP, New York (Lisa C. Solbakken of counsel), for appellants.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., New York (John P. Sefick of counsel), for respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about August 11, 2023, which denied defendants' motions for summary judgment dismissing the complaint, unanimously affirmed.
The motion court previously rejected defendants' collateral estoppel and satisfaction of judgment arguments at the motion to dismiss stage, and this Court affirmed the CPLR 3211 order (Apollo Mgt., Inc. v Cernich, 202 AD3d 527, 527 [1st Dept 2022]). "An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as the appellate court . . . [and] operates to foreclose re-examination of [the] question absent a showing of subsequent evidence or change of law (Carmona v Mathisson, 92 AD3d 492, 492-493 [1st Dept 2012] [internal quotation marks omitted]). Thus, the bulk of defendants' arguments raised on appeal are precluded by our earlier decision, where we concluded that "plaintiffs will be permitted to seek, among other things, compensatory damages in the form of recovery of their development costs of confidential information with respect to the aiding and abetting claims" (Apollo Mgt., 202 AD3d at 527).
Defendants have also failed to meet their burden of establishing that they were nonparty Imran Siddiqui's "affiliates" under the terms of the release. In our prior decision, we determined that "the scope of the release language with respect to [defendants] was ambiguous" (id.). The evidence submitted by defendants on summary judgment — mainly in the form of defendants' own testimony that they were Siddiqui's business partners — was not sufficient to resolve the issue of whether they were Siddiqui's "affiliates." We also find that the evidence advanced by plaintiffs with respect to the parties' intent was not relevant to discerning whether defendants were Siddiqui's "affiliates."
We have considered defendants' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2024