Mezinev v Tashybekova (2024 NY Slip Op 02149)

Mezinev v Tashybekova

2024 NY Slip Op 02149

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Oing, J.P., Moulton, Mendez, Shulman, Pitt-Burke, JJ. 

Index No. 300797/16 Appeal No. 2100 Case No. 2023-04392 

[*1]Velin Mezinev, Plaintiff-Appellant,
v
Bermet Tashybekova, Defendant-Respondent.

Velin Mezinev, appellant pro se.
Bermet Tashybekova, respondent pro se.

Judgment, Supreme Court, New York County (Kelly O'Neill Levy, J.) entered January 20, 2023, to the extent appealed from as limited by the briefs, awarding primary physical custody to defendant wife with reasonable visitation access to plaintiff husband, directed the husband to pay continued child support for the parties' unemancipated child in the amount of $1,708.86 per month until the child's 21st birthday, directed the husband to pay to the wife as and for equitable distribution of marital property in the amount of $110,524.50, child support arrears in the amount of $56,013.93, plus any additional child support at $1,708.86 per month unpaid at entry of judgment, and $80,000 in additional counsel fees directly to defendant's counsel, unanimously affirmed, without costs.
To the extent plaintiff's appeal seeks to reduce his child support obligation, the proper procedure is to file a motion for downward modification since an order of support has been entered (see e.g. Amley v Amley, 198 AD3d 559 [1st Dept 2021]).
Regarding the equitable distribution and counsel fees, we note that they were made in a previous order, which the husband unsuccessfully appealed to this Court, and we see no reason to revisit them. "An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court and operates to foreclose re-examination of the question absent a showing of subsequent evidence or change of law" (Carmona v Mathisson, 92 AD3d 492, 492-493 [1st Dept 2012] [internal quotation marks, ellipsis and brackets omitted]). Given our determinations in Velin M. v Bermet T. (220 AD3d 521 [1st Dept 2023]) and Mezinev v Tashybekova, (209 AD3d 586 [1st Dept 2022], lv dismissed 39 NY3d 1092 [2023]), that Supreme Court lacked jurisdiction over the subject child's half-sibling living in Bulgaria, and any impediments to plaintiff's travel were not the province of Supreme Court, we perceive no reason to review plaintiff's arguments on these issues, as well as the determination made as to the financial decisions.
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024