Preferred Term Sec. XXV, Ltd. v ACP Re, Ltd. (2024 NY Slip Op 06136)

Preferred Term Sec. XXV, Ltd. v ACP Re, Ltd.

2024 NY Slip Op 06136

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Kern, J.P., Friedman, Kennedy, Scarpulla, Rosado, JJ.

Index No. 653820/22 Appeal No. 3166 Case No. 2024-01197 

[*1]Preferred Term Securities XXV, Ltd., et al., Plaintiffs-Respondents,
v
ACP Re, Ltd., et al., Defendants-Appellants.

Quinn Emanuel Urquhart & Sullivan, LLP, New York (William B. Adams of counsel), for appellants.
Wollmuth Maher & Deutsch LLP, New York (Timothy A. DeLange of the bar of the State of California, admitted pro hac vice, of counsel), for respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered January 22, 2024, which denied so much of defendants' motion as sought to dismiss the breach of contract cause of action against Tower Group, Inc. (TGI), Tower Group International, Limited, and ACP Re, Ltd., unanimously affirmed, with costs.
Plaintiffs are holders of $53 million in securities known as trust preferred securities (TruPS), which were issued by defendants CastlePoint Bermuda Holdings, Ltd. and TGI (together, the issuers). The TruPS are governed by a series of indentures that require the issuers to repay $53 million over 30 years. After a series of transactions that changed the ownership structures of the involved entities, the issuers allegedly failed to make payments on the TruPS. In this action, plaintiffs are suing not only the issuers, but also the various parents and indirect parents of the issuers on the theory that they too are liable for the payment obligations under the indentures. Specifically, plaintiffs argue that the "successor obligor" provisions of the indentures impose contractual liability on the parents and indirect parents. Defendants contend that because they are not signatories to the indentures, they cannot be liable for payment obligations by way of the successor obligor provisions set forth in the indentures.
An examination of the papers and orders in the related action, Alesco Preferred Funding VIII, Ltd. v ACP RE, Ltd. (74 Misc 3d 1230[A], 2022 NY Slip Op 50258[U] [Sup Ct, NY County 2022], affd 209 AD3d 558 [1st Dept 2022]), demonstrates that in that action, defendants asserted, as they do here, that entities who did not sign the indentures were not liable as successors to the issuers under the successor obligor provisions. Supreme Court denied defendants' motion to dismiss the claim in its entirety, and this Court affirmed. Defendants are bound by this Court's determination in Alesco under the doctrines of law of the case and collateral estoppel (see Carmona v Mathisson, 92 AD3d 492, 492-493 [1st Dept 2012]; Allen v Hoffinger, Friedland, Dobrish & Stern, 283 AD2d 346, 349 [1st Dept 2001]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024