**Wimberly v Spring Bank, N.A.**

2025 NY Slip Op 30943(U)

March 24, 2025

Supreme Court, New York County

Docket Number: Index No. 651535/2022

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. EMILY MORALES-MINERVA**

*Justice*

PART                42M

-----------------------------------------------------------------------X

JASON WIMBERLY,

Plaintiff,

- v -

SPRING BANK, N.A.,

Defendant.

-----------------------------------------------------------------------X

| INDEX NO. | 651535/2022 |
|---|---|
| MOTION DATE | 02/13/2025 |
| MOTION SEQ. NO. | 010 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 010) 169, 170, 171, 172, 173

were read on this motion to/for _____ DISMISSAL _____ .

APPEARANCES:

Jason Wimberly, pro se.

Kaufman Dolowich LLP, Woodbury, New York (Brett A. Scher, Esq., of counsel) for Defendant.

HON. EMILY MORALES-MINERVA:

In this breach of contract action, plaintiff JASON WIMBERLY, moves, by notice of motion (sequence no. 010), <u>for the third time</u>, for orders (1) dismissing the counterclaim of defendant SPRING BANK, N.A. pursuant to CPLR § 3211 (a)(5) and (7);[1] and (2) striking the affirmative defenses of defendant SPRING BANK, N.A.  Defendant appears and opposes the motion.

---

[1] CPLR § 3211 (a) provides, as pertinent here, "A party may move for judgment dismissing one or more causes of action asserted against him on the ground that:
"(5) the cause of action may not be maintained because of arbitration and award, collateral estoppel, discharge in bankruptcy, infancy or other

**651535/2022  WIMBERLY, JASON vs. SPRING BANK, N.A.**
**Motion No.  010**

Page 1 of 8

For the reasons set forth below, plaintiff's motion (seq. no. 010) is denied entirely.

## BACKGROUND

On January 24, 2018, defendant SPRING BANK N.A. (defendant) loaned plaintiff JASON WIMBERLY (plaintiff) $1,500.00 (the loan) pursuant to a duly executed Promissory Note (the Note) (see New York State Electronic Filing System [NYSCEF] Doc. No. 004, Promissory Note, dated January 24, 2018). Pursuant to the Note, plaintiff agreed to repay the loan in 24 semi-monthly payments beginning on February 28, 2018, and ending on February 15, 2019 (see id.). Plaintiff failed to repay the loan in full by February 15, 2019.

Thereafter, plaintiff agreed to repay the loan to defendant "in exchange for a written agreement stipulating that [defendant] would promise to remove the loan entry from plaintiff's credit reports" (NYSCEF Doc. No. 001, Complaint).

On or about November 24, 2020, an employee of defendant allegedly agreed, during a telephone call, to remove plaintiff's past due loan balance from the records of the national credit reporting services (see NYSCEF Doc. No. 001, Complaint).

---

disability of the moving party, payment, release, res judicata, statute of limitations, or statute of frauds; or
"(7) the pleading fails to state a cause of action."

651535/2022  WIMBERLY, JASON vs. SPRING BANK, N.A.
Motion No. 010

Page 2 of 8

However, this oral agreement was never memorialized in writing, and therefore, plaintiff did not repay the loan. The past due loan continues to appear on plaintiff's credit report (see id.).

On April 04, 2022, plaintiff commenced the instant action against defendant for breach of contract. In the complaint, plaintiff alleges that the oral agreement by defendant's employee constitutes a binding contract, and defendant's failure to remove the past due loan from plaintiff's credit reports constitutes a breach of said contract (see id.).

Defendant answered, asserting eight affirmative defenses and counterclaiming for breach of contract. Pursuant to defendant's counterclaim, it alleges that plaintiff failed to repay the loan in accordance with the Note, constituting a breach of contract (see NYSCEF Doc. No. 002, Answer with Counterclaim).

On March 27, 2023, plaintiff moved, by notice of motion (seq. no. 002), for orders striking defendant's affirmative defenses and dismissing defendant's counterclaim (see NYSCEF Doc. No. 22, Notice of Motion).[2] While that motion (seq. no. 002) was pending, plaintiff filed another motion (seq. no. 003)

---

[2] Plaintiff initially moved (seq. no. 001) to strike defendant's affirmative defenses and to dismiss defendant's counterclaim on December 05, 2022, but plaintiff withdrew that motion (seq. no. 001) without prejudice (see NYSCEF Doc. No. 13, Decision and Order, dated December 13, 2022 [N. Bannon, J.S.C.]).

**651535/2022 WIMBERLY, JASON vs. SPRING BANK, N.A.** Page 3 of 8
**Motion No. 010**

[* 3]

to dismiss defendant's counterclaim (see NYSCEF Doc. No. 26, Notice of Motion, dated April 9, 2023).

The court (N. Bannon, J.S.C.) denied plaintiff's motion (seq. no. 003) to dismiss defendant's counterclaim as duplicative, because the relief requested was already requested in a motion (seq. no. 002) pending before the court (see NYSCEF Doc. No. 31, Decision and Order, dated April 13, 2023 [N. Bannon, J.S.C.]).

Following the court's (N. Bannon, J.S.C.) decision, plaintiff filed a motion (seq. no. 005) for leave to file a late reply to defendant's counterclaim (see NYSCEF Doc. No. 52, Notice of Motion).

On September 25, 2023, in a combined decision and order, the court (N. Bannon, J.S.C.) denied plaintiff's motion (seq. no. 002) to strike defendant's affirmative defenses and dismiss defendant's counterclaim, but granted plaintiff's motion (seq. no. 005) for leave to file a late reply to defendant's counterclaim (see NYSCEF Doc. No. 97, Decision and Order, dated September 25, 2023 [N. Bannon, J.S.C.]). With respect to plaintiff's motion (seq. no. 002) to dismiss, the court (N. Bannon, J.S.C.) held that "plaintiff fail[ed] to establish entitlement to that relief on the papers submitted – a Notice of Motion and a Memorandum of Law" (id.).

651535/2022  WIMBERLY, JASON vs. SPRING BANK, N.A.                     Page 4 of 8
Motion No. 010

4 of 8

[* 4]

On January 09, 2024, plaintiff filed a motion (seq. no. 007) for leave to amend his complaint, as well as his answer to defendant's counterclaim (see NYSCEF Doc. No. 141, Notice of Motion). The court (N. Bannon, J.S.C.) denied plaintiff's motion, and "cautioned [plaintiff] against frivolous motion practice" (NYSCEF Doc. No. 147, Decision and Order, dated January 17, 2024 [N. Bannon, J.S.C.]).

Thereafter, the instant matter was transferred to the undersigned, and plaintiff filed a motion, by order to show cause (seq. no. 009), for orders dismissing defendant's counterclaim and striking defendant's affirmative defenses (see NYSCEF Doc. No. 164, Order to Show Cause, dated January 27, 2025). The undersigned declined to sign the order to show cause (mot. seq. no. 009) based on the fact that the relief requested was previously denied by the court's (N. Bannon, J.S.C.) September 25, 2023 decision and order (see NYSCEF Doc. No. 168, Order to Show Cause, Decline to Sign).

Now, plaintiff moves, for the third time, for orders (1) dismissing defendant's counterclaim pursuant to CPLR § 3211 (a)(5) and (7); and (2) striking defendant's affirmative defenses. Defendant appears and opposes.

651535/2022  WIMBERLY, JASON vs. SPRING BANK, N.A.
Motion No. 010

Page 5 of 8

5 of 8

[* 5]

ANALYSIS

Rule 3211 (e) of the CPLR, which governs motions to dismiss, explicitly provides:

> "At any time before service of the responsive pleading is required, a party may move on one or more grounds set forth in subdivision (a) of this rule, and no more than one such motion shall be permitted"

(emphasis added). An exception to this one-motion rule exists where, in disposing of the pre-answer motion, the court does not consider the merits of the application  (see generally 2497 Realty Corp. v Fuentes, 232 AD3d 451 [1st Dept 2024]; Rivera v Board of Educ. of the City of New York, 82 AD3d 614, 614 [2011] [citations omitted]).

Here, plaintiff's initial motion (seq. no. 002) to dismiss defendant's counterclaim was considered on the merits (see NYSCEF Doc. No. 97, Decision and Order, dated September 25, 2023 [N. Bannon, J.S.C.]).  Thereafter, the undersigned declined to sign plaintiff's order to show cause (mot. seq. no. 009) to dismiss, reasoning that the relief requested was previously denied by the court's (N. Bannon, J.S.C.) decision and order dated September 25, 2023 (see NYSCEF Doc. No. 168, Order to Show Cause, Decline to Sign).  Now, plaintiff again moves -- this time, subsequent to service of plaintiff's answer to defendant's counterclaim -- for the same relief.  No such exception to the

651535/2022  WIMBERLY, JASON vs. SPRING BANK, N.A.
Motion No. 010

Page 6 of 8

6 of 8

[* 6]

one-motion rule exists here, and plaintiff's motion (seq. no. 010) to dismiss defendant's counterclaim is denied.

With respect to plaintiff's request for an order striking defendant's affirmative defenses, the court's (N. Bannon, J.S.C.) substantive decision on this issue constitutes the law of the case, and cannot be relitigated in the context of this motion (see Chanice v Fed. Exp. Corp., 118 AD3d 634 [1st Dept 2014] [finding that the doctrine of the law of the case applies to legal determinations that were necessarily resolved on the merits in a prior decision, and to the same questions presented in the same case]; see also Teshabaeva v Family Home Care Services of Brooklyn and Queens, Inc., 227 AD3d 487, 487 [1st Dept 2024] [holding that "the law of the case doctrine applies to the instant matter as the court has expressly and unambiguously rejected defendants' arguments on three occasions"]; Lee v Chan Ka Luk, 127 AD3d 612 [1st Dept 2015]).

Further, plaintiff is again cautioned against the filing of frivolous motions -- the relief requested in the instant motion is duplicative of the relief requested in plaintiff's rejected order to show cause (see Rules of the Chief Administrator of the Courts [22 NYCRR] § 130-1.1 [c] ["conduct is frivolous if [] it is completely without merit in law []; it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another"]; see also

651535/2022  WIMBERLY, JASON vs. SPRING BANK, N.A.
Motion No. 010

Page 7 of 8

Teshabaeva, 227 AD3d at 487 [concluding that "defendants' fourth appeal from the motion court's order to this Court, in which they raise the same issues that they had a full and fair opportunity to litigate" was frivolous, and imposing frivolous appeal sanctions against defendants for $10,000.00]).

Accordingly, it is

ORDERED that motion (sequence no. 010) of plaintiff JASON WIMBERLY to dismiss the defendant's counterclaim and strike defendant's affirmative answers is denied entirely; and it is further

ORDERED that the parties shall appear for a virtual status conference in Part 42 on June 16, 2025 at 11:00 A.M.


THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.


3/24/2025
DATE

EMILY MORALES-MINERVA, J.S.C.

CHECK ONE:

| | | |
|---|---|---|
| ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| ☐ GRANTED  ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

APPLICATION:

CHECK IF APPROPRIATE:

651535/2022  WIMBERLY, JASON vs. SPRING BANK, N.A.
Motion No. 010

Page 8 of 8

8 of 8

[* 8]