U.S. Bank N.A. v Tiburcio (2025 NY Slip Op 05779)

U.S. Bank N.A. v Tiburcio

2025 NY Slip Op 05779

Decided on October 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 21, 2025

Before: Webber, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

Index No. 32237/17|Appeal No. 4997|Case No. 2024-06097|

[*1]U.S. Bank National Association etc., Plaintiff-Respondent,
v
Felix M. Tiburcio et al., Defendants, Grant Ave Bronx Realty Corp., Defendant-Appellant.

The Rosefeld Law Office, Lawrence (Avi Rosenfeld of counsel), for appellant.
Friedman Vartolo, Garden City (Stephen J. Vargas of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Ben R. Barbato, J.), entered August 22, 2024, bringing up for review an order, same court and Justice, entered August 22, 2024, which granted plaintiff's motion for a judgment of foreclosure and sale and denied defendant's cross-motion to dismiss, unanimously affirmed, without costs.
The motion court properly confirmed the Referee's report, as the findings were substantially supported by the record (see AC 31, LLC v Fawer, 232 AD3d 454, 454-55 [1st Dept 2024]). To the extent that the Referee based his findings on an affidavit of Anthony Younger, plaintiff's loan servicer, defendant Grant Ave Bronx Realty Corp. (Grant) identifies no evidentiary objections to the statements therein, nor, to the extent it suggests that the Referee supported his findings based on unproduced business records, does Grant identify what documents, if any, might not have been produced. Further, although provided the opportunity to submit admissible evidence to the Referee regarding monies paid or the computation in general, Grant failed to do so. While the Referee did not hold a hearing, Grant was not prejudiced because it opposed plaintiff's motion to confirm the report and had an opportunity to contest the report (see Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 630 [2d Dept 2014], affd 25 NY3d 355 [2015]).
Grant's arguments that plaintiff lacked standing and that the mortgage was unenforceable as against it because it did not sign or otherwise approve the 2015 loan modification are unreviewable. Grant previously appealed from the order granting summary judgment deciding these issues, and this Court dismissed the appeal on the basis that the order was not ripe for review until Grant vacated its default in answering that motion (U.S. Bank N.A. v Tiburcio, 199 AD3d 620 [1st Dept 2021]). Nothing in the record indicates that Grant took this necessary step. Accordingly, the summary judgment order remains law of the case (see Chanice v Federal Express Corp., 118 AD3d 634, 635 [1st Dept 2014]). In any event, we find Grant's arguments on the merits unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2025