Barbero v CSX Transp. (2025 NY Slip Op 07257)

Barbero v CSX Transp.

2025 NY Slip Op 07257

Decided on December 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 24, 2025

CV-24-1216
[*1]Kenneth Barbero, Appellant,
v
CSX Transportation, Respondent.

Calendar Date:November 18, 2025

Before:Reynolds Fitzgerald, J.P., Lynch, Ceresia, Fisher and McShan, JJ.

Hach & Rose, LLP, New York City (Mark Glen Sokoloff of counsel), for appellant.
Burns White LLC, Pittsburgh, Pennsylvania (T.H. Lyda of counsel) and Nixon Peabody, Albany (Andrew C. Rose of counsel), for respondent.

Reynolds Fitzgerald, J.P.
Appeal from an order of the Supreme Court (Denise Hartman, J.), entered June 10, 2024 in Albany County, which granted defendant's motion for partial summary judgment dismissing the complaint.
Plaintiff, a machinist employed by defendant railroad company, commenced this personal injury action pursuant to the Federal Employers' Liability Act (see 45 USC § 51 et seq. [hereinafter FELA]) to recover damages for injuries allegedly sustained while he was working. According to plaintiff, on July 20, 2018, he was working at defendant's Selkirk diesel shop in an area known as drop pit 2, when he slipped and fell on grease or moisture on the floor. Plaintiff claims he immediately informed his supervisor that he may have sprained his ankle, but the supervisor advised him to "walk it off" and strongly discouraged him from formally reporting his injury.[FN1] Plaintiff continued to work for a period of days, but eventually did formally report his injury and sought medical treatment for it. He was thereafter diagnosed with a repetitive stress impact fracture and underwent fusion surgery on his right ankle. After joinder of issue and discovery, both parties moved to preclude certain expert testimony, which Supreme Court granted in part and denied in part with respect to each motion. Thereafter, defendant moved for partial summary judgment dismissing plaintiff's negligence per se claim alleging that defendant violated 49 CFR 225.1, 225.3 and 225.13. Supreme Court granted defendant's motion, and plaintiff appeals.
"In seeking summary judgment, a movant is only entitled to judgment as a matter of law where the record evidence reflects that there remain no material issues of fact" (Town of Colonie v Global Contr. & Painting, Inc., 237 AD3d 1280, 1282 [3d Dept 2025] [internal quotation marks and citations omitted]; see EDW Drywall Constr., LLC v U.W. Marx, Inc., 189 AD3d 1720, 1721 [3d Dept 2020]). "When considering a motion for summary judgment, courts must view the evidence in a light most favorable to the nonmoving party and accord that party the benefit of every reasonable inference from the record proof, without making any credibility determinations" (Matter of First United Methodist Church in Flushing v Assessor, Town of Callicoon, 230 AD3d 885, 886 [3d Dept 2024] [internal quotation marks and citations omitted], affd ___ NY3d ___, 2025 NY Slip Op 06526 [Nov. 24, 2025]; see Matter of McNeil, 233 AD3d 1231, 1233 [3d Dept 2024]).
FELA provides that "[e]very common carrier by railroad . . . shall be liable in damages to any person suffering injury while he [or she] is employed by such carrier . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier" (45 USC § 51; accord CSX Transp., Inc. v McBride, 564 US 685, 691 [2011]). "It is well-settled that the FELA requires a finding of negligence per se when there has been a violation of a safety statute [or regulation] specifically aimed at [*2]the railroad industry" (Morant v Long Is. R.R., 66 F3d 518, 523 [2d Cir 1995] [internal quotation marks and citation omitted]; see CSX Transp., Inc. v McBride, 564 US at 703 n 12). "Under a FELA negligence per se theory, if a plaintiff proves that a statutory violation has occurred he [or she] need not prove the traditional negligence elements of foreseeability, duty and breach, but he [or she] is still required to prove causation" (Deso v CSX Transp., Inc., 790 F Supp 2d 1, 11-12 [ND NY 2011] [citations omitted]).
As relevant here, plaintiff contends that defendant violated 49 CFR 225.1, 225.3 and 225.13, that said regulations are safety regulations, and that, as such, defendant is negligent per se. We disagree. Part 225 is an accident, injury and illness reporting regulation. 49 CFR 225.1 specifically requires railroads "to provide the Federal Railroad Administration [hereinafter FRA] with accurate information concerning the hazards and risks that exist on the Nation's railroads." 49 CFR 225.3 merely sets forth that all railroads, except for those specifically listed in the statute, are required to report. 49 CFR 225.13 provides that if an accident/incident report was improperly omitted or reported, the railroad must immediately submit the report along with a letter of explanation. The purpose of the statute is unambiguous and clear — it permits the FRA to utilize the information reported to determine "comparative trends of railroad safety and to develop hazard elimination and risk reduction programs" (49 CFR 225.1). Additionally, the information is tabulated and included in various statistical statements issued by the FRA (see 49 CFR 225.17 [c]). Even assuming arguendo that the regulations could be considered safety regulations, plaintiff has failed to demonstrate any correlation between defendant's conduct in allegedly failing to report an accident/incident to the FRA and any purported exacerbation of plaintiff's injury (see Deso v CSX Transp., Inc., 790 F Supp 2d at 12; Capriotti v Consolidated Rail Corp., 878 F Supp 429, 434 [ND NY 1995]). Finally, since the regulation provides that the accident report must be submitted within 30 days after the expiration of the month in which the accident happened and, here, the accident occurred, according to plaintiff, on July 20, 2018, and the report is dated August 9, 2018, well before the September 1st deadline, there is no evidence in the record that defendant violated the regulations (see 49 CFR 225.11 [b]).
Lastly, we are unpersuaded by plaintiff's argument that Supreme Court's order dated February 6, 2023, which allowed that one of plaintiff's experts would testify regarding the supervisor's "alleged discouraging statements to plaintiff and delay in filing an accident report violated the accident reporting [regulations]," de facto decided that plaintiff's negligence per se claim is valid under the doctrine of the law of the case. The doctrine of the law of the case relates to "the potentially preclusive [*3]effect of judicial determinations made in the course of a single litigation before final judgment" (Gadani v DeBrino Caulking Assoc., Inc., 86 AD3d 689, 691 [3d Dept 2011] [internal quotation marks, emphasis and citation omitted]). "The doctrine is sometimes referred to as a kind of intra-action res judicata; its purpose is to avoid the retrial of issues already determined in the same case" (Brown v State of New York, 250 AD2d 314, 320 [3d Dept 1998] [internal quotation marks and citations omitted]). However, "[t]he doctrine applies only when the prior ruling directly passed upon a question of law that is essential to the determination of the matter" (Karol v Polsinello, 127 AD3d 1401, 1402 [3d Dept 2015]), which did not occur here.In the expert witness preclusion motion, the court allowed plaintiff's expert's testimony because the reporting requirements were "beyond the ken of the typical juror" (Barbero v CSX Transp., 78 Misc 3d 915, 933 [Supreme Ct, Albany County 2023] [internal quotation marks and citation omitted]). Accordingly, the parties did not have a full and fair opportunity to litigate the merits of this per se violation argument in the previous preclusion motion and the law of the case doctrine did not bar Supreme Court from addressing it in defendant's summary judgment motion (see Karol v Polsinello, 127 AD3d at 1403; Chanice v Federal Express Corp., 118 AD3d 634, 635 [1st Dept 2014]).
Lynch, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Defendant denies that plaintiff immediately reported his accident and injury, and instead worked 14 days before reporting it.