Lee v Chun Ka Luk

2026 NY Slip Op 02337

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Dennis Lee, Also Known as Lee Man For Dennis, etc., Plaintiff-Respondent,

v

Chun Ka Luk, as Administrator of the Estate of Nancy Luk, Deceased, Defendant-Appellant.

Decided and Entered: April 16, 2026

Index No. 603111/05|Appeal No. 6407-6408|Case No. 2025-05180, 2025-05625|

Before: Manzanet-Daniels, J.P., Higgitt, Rosado, O'neill Levy, Chan, JJ.

Heller Horowitz & Feit, P.C., New York (Stuart A. Blander of counsel), for appellant.

Aimee Levine Law LLC, New York (Aimee P. Levine of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (James E. d'Auguste, J.), entered July 15, 2025, which, to the extent appealed from as limited by the briefs, granted the motion of plaintiff Dennis Lee for summary judgment as to liability on the first through fifth causes of action in the amended complaint, for summary judgment as to the sixth cause of action for injunctive relief to set aside unlawful conveyances, declared that Nancy Luk was not the sole shareholder, officer and director of Lee-Tai Enterprises (USA) Ltd., 238-240 7th Avenue Corp., and Broadway Chinatown Realty Inc. (collectively, the Companies), and denied the cross-motion of defendant Chun Ka Luk, as Administrator of the Estate of Nancy Luk for summary judgment dismissing the amended complaint for a lack of standing and as barred by the statute of limitations, unanimously affirmed, with costs. Order, same court and Justice, entered September 9, 2025, which issued a permanent injunction against defendant prohibiting him from, among other things, operating, managing, exercising control over or otherwise interfering with the Companies and the properties owned by the Companies, to compel defendant to transfer the Companies' books and records to plaintiff, to transfer the Companies' properties to plaintiff, directing anyone acting on defendants' behalf to take the steps necessary to transfer the properties owned by the Companies to plaintiff, and to give plaintiff access to the properties and corporate financial accounts, unanimously affirmed, with costs.

This case has its origins in a dispute between siblings Dennis Lee and Nancy Luk over the operation, management, and control of Lee-Tai Enterprises (USA) Ltd. and 238-240 7th Avenue Corp., both formed in 1973 by their parents, as well as Broadway Chinatown Realty, Inc., which was acquired by 238-240 in 1986. Plaintiff Dennis Lee contends that during her lifetime Nancy diverted monies and assets from the Companies for her own personal use and benefit. Defendant contends that Nancy was simply managing the Companies and that she was the only one in the family who did so from 1980 until her death in 2011.

Plaintiff commenced this action against Nancy in 2005, asserting claims for (1) breach of fiduciary duty, (2) breach of the duty of loyalty, (3) corporate waste, seeking to set aside any unlawful conveyances, (4) fraud, (5) conversion, (6) an injunction prohibiting defendant from interfering with the Companies, using Company monies, or disposing of any Company assets, and to set aside any unlawful conveyances, and (7) an accounting and constructive trust. The parties engaged in extensive motion practice and in 2024, 19 years after this action was commenced, plaintiff moved for summary judgment on his amended complaint and defendant cross-moved for summary dismissal of the amended complaint.

[*2]

Supreme Court properly granted plaintiff's motion for summary judgment and denied defendant's cross-motion for summary dismissal. Plaintiff established his standing to bring claims under Business Corporation Law § 720 as an officer and director of the family companies, Lee-Tai Enterprises (USA) Ltd. and 238-240 7th Avenue Corp., against his now-deceased sister, Nancy. Defendant failed to present any evidence to contradict the 1996 corporate resolutions signed by Nancy reflecting that plaintiff, Nancy, and their father, Chung Li, were appointed as corporate officers and directors of Lee Tai and 238-240 until the next meeting, which the parties agree was never held.

As plaintiff observes, there would have been no reason for Nancy to seek plaintiff and their father's approval of the companies' tax returns or the 1996 IRS settlement had Nancy been the companies' sole shareholder and director, nor would it make sense for her to sign the returns as "vice president" if she were the sole owner. Defendant also failed to present evidence supporting his contention that plaintiff's officer and director positions were abandoned as a factual matter or could be deemed abandoned under the corporate bylaws (see Business Corporation Law §§ 703[b] and 715[d]). Based on this unrebutted evidence, we need not reach the question of whether the court properly looked to the "realities" of the family-run businesses involved to reject defendant's objection to plaintiff's standing based on certain irregularities in the 1973 Business Corporation Law § 404(b) statements (see Leslie, Semple & Garrison v Gavit & Co., 81 AD2d 950, 951 [3d Dept 1981]).

We reject defendant's argument, raised for the first time on appeal, that the amended complaint should have been dismissed in its entirety under CPLR 1001 based on the failure to join Nancy's personal entity, Seventh Avenue Development LLC (SAD), as a party to the action. SAD was originally named as a defendant and was dismissed from the action in the February 9, 2007 order because the entity was wholly owned by Nancy and not one of the family businesses of which plaintiff was an officer or director. Thereafter, neither Nancy nor defendant ever sought intervention on SAD's behalf.

[*3]

There is also no factual dispute that Nancy, and upon her death, defendant, used and operated SAD as their own personal entity to which they transferred the three apartment buildings owned by 238-240 for no consideration in 2002. After which they demolished those buildings to create the condominium building in which SAD remains the owner of the three units that are subject to the injunctive relief granted by the court in its September 9, 2025 order. Accordingly, because SAD's interests are entirely aligned with defendant's, dismissal on this basis is not warranted (see e.g. Matter of Cartwright v Kennedy, 230 AD3d 969, 970 [3d Dept 2024], lv denied 42 NY3d 943 [2024], cert denied 145 S Ct 1174 [2025]; see also Matter of Long Is. Contractors' Assn. v Town of Riverhead, 17 AD3d 590, 594 [2d Dept 2005]).

The court also properly denied dismissal of the amended complaint based on the statute of limitations as barred by the law of the case. In a previous appeal in this action we affirmed Supreme Court's application of the law of the case doctrine to preclude defendant from seeking leave to amend his answer to reassert the defense of the statute of limitations as "Supreme Court had previously denied defendant's pre-answer motion to dismiss the complaint on statute of limitations grounds, holding that the causes of action were timely" (Lee v Chun Ka Luk, 127 AD3d 612, 613 [1st Dept 2015]). Defendant fails to identify any basis for disturbing this determination.

We also reject defendant's assertion that the amended complaint should have been struck under CPLR 3126 based on plaintiff's failure to respond to certain interrogatories. The court's June 14, 2014 compliance conference order only required plaintiff to supplement his interrogatory responses "to the extent he is able," and plaintiff asserted that demands for expert disclosures from his expert forensic accountant had not yet been served. Thus, there was no court order to which plaintiff failed to adhere to.

[*4]

We reject defendant's challenges to the admission of certain documents on hearsay grounds or under the dead man's statute (CPLR 4519). As an initial matter, the documents recorded in the New York City Register's Office reflecting the illegal mortgages and transfers in the record are not hearsay (see e.g. Board of Mgrs. Of the Club at Turtle Bay v McGown, 226 AD3d 468, 469 [1st Dept 2024], citing Global Montello Group Corp. v Bronx Auto Tire, Inc., 184 AD3d 494, 495 [1st Dept 2020]). Nancy's out-of-court statements, including her affidavits and correspondence, are admissible under the exceptions to hearsay for party admissions and statements against interest (see e.g. Matter of C.B. [Tiffany S.], 225 AD3d 415, 416 [1st Dept 2024]; see also Caminiti v Extell W. 57th St. LLC, 166 AD3d 440, 440 [1st Dept 2018]). Further, the documents such as the 1973 Business Corporation Law § 404 statements that are more than 30 years old are self-authenticating under the ancient document rule (see Estate of Essig v 5670 58 St. Holding Corp., 50 AD3d 948, 949 [2d Dept 2008]). Finally, the dead man's statute does not apply here because the claims are not asserted against plaintiff's father or his estate (see e.g. Matter of Zalk, 10 NY3d 669, 679 [2008] [internal quotation marks omitted]).

Plaintiff's lack of specific evidence of damages did not require denial of summary judgment as to liability. Where, as here, a party moves for summary judgment solely as to liability, damages are not part of the analysis (see e.g. MacArthur v Doeblin, 224 AD3d 482, 483 [1st Dept 2024]).

The court properly granted summary judgment on the claims in the amended complaint seeking injunctive relief to set aside Nancy's unlawful conveyances, which Business Corporation Law § 720(a)(2) specifically permits where, as here, "the transferee knew of its unlawfulness." The record establishes that Nancy knew that the 2002 transfer of 238-240's real property to SAD without consideration was unlawful and there is no evidence that her personal entities, SAD and ABN Realty LLC, are innocent bona fide purchasers for value. In any event, the injunction order merely directs defendant and anyone acting on his behalf to take the requisite steps to transfer ownership of the three condominium units owned by SAD to 238-240. Consistent with Nancy's admission in her answer that SAD was solely owned by Nancy, and defendant's production of SAD and ABN documents in this action, the record shows that defendant has the requisite control over SAD to fulfill his obligations under the injunction order. Tellingly, defendant does not identify any impediment to his execution of documents to effect the transfer of properties from his shell entity to 238-240. Given that Nancy and defendant's position has always been that the transfers reflected in the record were undertaken in good faith in furtherance of the family Companies' interests, it is unclear how defendant would be prejudiced by the transfer.

[*5]

We reject defendant's further contention that plaintiff was not entitled to an injunction because it would upset the status quo, as a mandatory permanent injunction, unlike a preliminary injunction, need not maintain the status quo (see e.g. R.C. v City of New York , 229 AD3d 173, 176 [1st Dept 2024]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026